IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| ROBERTA FRANK, an individual, and all those similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>CANNABIS & GLASS, LLC, a Washington limited liability company; NXNW Retail, LLC, a Washington limited liability company; SPRINGBIG, INC., a Delaware corporation; and TATE KAPPLE and his marital community;<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, ROBERTA FRANK, by and through her attorneys of record, Brian G. Cameron of Cameron Sutherland, PLLC, and Kirk Miller of Kirk D. Miller, P.S., and for causes of action against the above-named Defendants, complains and alleges as follows:

## I. INTRODUCTION

1.1  This case involves the Defendants' widespread transmission of unsolicited commercial text messages related to a consumer "loyalty program" without obtaining the recipients clear, affirmative, and express written consent to receive such messages in violation of the federal Telephone Consumer Protection Act (TCPA), 47 USC § 227, *et seq.*, and Washington's

COMPLAINT FOR DAMAGES - Page 1 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis à vis the Defendants' violations of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190, *et seq.*

1.2  The Plaintiff brings this class action Complaint, by and through her undersigned counsel, against Defendants CANNABIS & GLASS, LLC (hereinafter "Cannabis & Glass"); NXNW RETAIL, LLC, d.b.a. Cannabis & Glass (hereinafter "NXNW"); and SPRINGBIG, INC. (hereinafter "Springbig"), and on behalf of a class of all others similarly situated, pursuant to CR 23.

1.3  The Plaintiff seeks statutory damages, exemplary damages, declaratory and injunctive relief, costs and attorneys' fees, and other equitable relief against Defendants for their illegal "junk texting" to Washington consumers and businesses.

1.4  In bringing this action, Ms. Frank alleges that Defendant Tate Kapple, the sole member and owner of Defendant Cannabis & Glass and Defendant NXNW, is personally liable for the actions of each of his solely-held limited liability companies pursuant to RCW 25.15.061.

1.5  The named individual and his marital community are liable for the actions complained of herein, because these actions were in furtherance of and for the benefit of the individual's marital community.

## II. IDENTITY OF THE PARTIES

2.1  Plaintiff Roberta Frank is a natural person residing in Spokane County, who engaged in one or more retail transactions with Defendant Cannabis & Glass and Defendant NXNW. The Plaintiff and putative class members are consumers and business entities residing in the state of Washington. The Plaintiff and putative class members are all "persons" as that term is defined in 42 USC § 153(39); RCW 19.190.010(11); and RCW 19.86.010(1).

4.1  Defendant Cannabis & Glass is a Washington limited liability company, doing business in Spokane County, with its principal place of business located at 9403 East Trent Avenue in Spokane Valley.

COMPLAINT FOR DAMAGES - Page 2 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

4.2     Defendant Cannabis & Glass is a "person" as that term is defined in 42 USC § 153(39); RCW 19.190.010(11); and RCW 19.86.010(1).

2.2     Defendant NXNW is a Washington limited liability company, doing business in Spokane County, with its principal place of business located at 23005 East Colt Lane in Liberty Lake.

2.3     Defendant NXNW is a "person" as that term is defined in 42 USC § 153(39); RCW 19.190.010(11); and RCW 19.86.010(1).

2.4     Defendant Springbig is a Delaware corporation, doing business in Spokane County, with its principal place of business located at 621 Northwest 53rd Street, Suite 260, in Boca Raton, Florida.

2.5     Defendant Springbig is a "person" as that term is defined in 42 USC § 153(39); RCW 19.190.010(11); and RCW 19.86.010(1).

2.6     Defendant Tate Kapple is an individual who is believed to be a resident of Spokane County, doing business in Spokane County, as the sole governor and owner of Defendant Cannabis & Glass and Defendant NXNW. Mr. Kapple uses these corporate forms, individually and collectively, to violate or evade a duty in such a manner that the corporate form must be disregarded to prevent loss to an innocent party.

2.7     Defendant Kapple is a "person" as that term is defined in 42 USC § 153(39); RCW 19.190.010(11); and RCW 19.86.010(1).

2.8     Each of the Defendants is a person that regularly uses automatic telephone dialing systems or other devices to initiate or assist in the transmission of unsolicited commercial text messages to Washington recipients without obtaining those recipients' clear, affirmative, and express written consent to receive such messages in advance.

COMPLAINT FOR DAMAGES - Page 3 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

## III. STATEMENT OF JURISDICTION AND VENUE

3.1     This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2     Venue is proper in this Court pursuant to RCW 4.12.020.

## IV. CLASS ACTION ALLEGATIONS

4.1     The Plaintiff brings this claim on behalf of the following class, pursuant to CR 23(a) and CR 23(b)(3).

4.2     The class consists of:

(a)    all persons, as that term is defined in in 42 USC § 153(39); RCW 19.190.010(11); and RCW 19.86.010(1);

(b)    in the state of Washington;

(c)    to whom Defendants initiated or assisted in the transmission of one or more unsolicited commercial text messages using an automatic telephone dialing system or other device;

(d)    without obtaining the recipients' clear, affirmative, and express written consent to receive such messages in advance;

(e)    within the previous four (4) years;

(f)    through the date that the class is certified.

4.3     The identities of all class members are readily ascertainable from the contact records of the Defendants and those businesses and consumers who have been targeted by the Defendants' unsolicited commercial text messages.

4.4     Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

COMPLAINT FOR DAMAGES - Page 4 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

4.5    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of CR 23, because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Class defined above is so numerous that joinder of all members would be impractical. The Defendants serve a retail customer base of thousands of individuals in Washington whom the Defendants regularly target with more than a dozen unsolicited "junk texts" every month.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' use of automatic telephone dialing systems or other devices to initiate or assist in the transmission of unsolicited commercial text messages to Washington recipients violated the federal TCPA, 47 USC § 227, *et seq.*, and Washington's CEMA, RCW 19.190, *et seq.*, and CPA, RCW 19.86, *et seq.*

(c)    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. The Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor its counsel have any interests which might cause it not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individuals' actions would engender.

4.6   Certification of a class under CR 23(b)(3) is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.7   The Plaintiff's claims apply to the Defendants' illegal acts and omissions occurring in the four years preceding the filing of this case, through the date that the class is certified.

## V.   PLAINTIFF'S ALLEGATIONS OF FACT

5.1   The Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

5.2   The Plaintiff is a Washington individual who regularly uses a mobile telephone with the capacity to send and receive transmissions of text messages.

5.3   Together, defendants Cannabis and Glass, NXNW, and Springbig jointly operate a "loyalty program" that purports to reward returning customers with various product discounts and incentives at Defendant Cannabis and Glass' and Defendant NXNW's retail locations.

5.4   Defendants Cannabis and Glass and NXNW each gathers telephone contact information from first-time and returning customers, including but not limited to the Plaintiff, during the course of those customers in-store transactions.

5.5   Defendants Cannabis and Glass and NXNW each provide the telephone contact information gathered from first-time and returning customers to Defendant Springbig, which compiles that information into telemarketing lists to be targeted by its commercial "text blasts" promoting the sale of Defendant Cannabis and Glass' and Defendant NXNW's products.

COMPLAINT FOR DAMAGES - Page 6 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

5.6    Neither Defendant Cannabis and Glass nor Defendant NXNW obtains consumers' clear, affirmative, and express written consent to receive their commercial text messages prior to transmitting or assisting in the transmission of such messages to those consumers through the use of automatic telephone dialing systems or other devices.

5.7    In or about April 2019, the Plaintiff visited Defendant Cannabis & Glass' retail location, during which time Defendant Cannabis & Glass obtained her SMS-capable cellular telephone number.

5.8    In or about April, 2019, Defendant Cannabis & Glass obtained Plaintiff's SMS-capable cellular telephone number verbally at the point of sale.

5.9    The Plaintiff did not consent, in writing or otherwise, to receive unsolicited commercial text messages from Defendant Cannabis and Glass, its agents, or its assistants.

5.10    Plaintiff was not advised by Defendant Cannabis & Glass verbally, in writing, or otherwise that providing her cellular telephone number would result in her receiving text messages from Defendants.

5.11    Defendant Cannabis & Glass told Plaintiff that her phone number and first name were required to be enrolled in Defendants' loyalty program to receive discounts on future purchases.

5.12    In April 2019, the Plaintiff visited Defendant NXNW's retail location, during which time Defendant NXNW advised Plaintiff that it was unnecessary for her to enroll in a separate NXNW rewards program, because its loyalty program is combined with Defendant Cannabis & Glass' rewards program.

5.13    The Plaintiff did not consent, in writing or otherwise, to receive unsolicited commercial text messages from Defendant NXNW, its agents, or its assistants.

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

5.14    Defendant Springbig designs, maintains, and operates the software and telecommunications systems that support Defendant Cannabis & Glass' and Defendant NXNW's joint "loyalty program."

5.15    Defendant Springbig utilizes automatic telephone dialing systems or other devices to initiate or assist in the transmission of unsolicited commercial text messages to targeted recipients without first obtaining those recipients' clear, affirmative, and express written consent to receive such messages in advance.

5.16    Defendants Cannabis and Glass and NXNW each provided the Plaintiff's telephone number to Defendant Springbig without the Plaintiff's knowledge or consent.

5.17    The Plaintiff did not consent, in writing or otherwise, to receive unsolicited commercial text messages from Defendant Springbig, its agents, or its assistants.

5.18    Defendant Springbig does not ensure that the clients for whom it sends unsolicited commercial text messages obtain prior express written permission from targeted recipients before sending unsolicited commercial text messages to those clients' customers.

5.19    Since the time Defendants Cannabis & Glass and NXNW obtained her telephone number in April 2018, the Defendants have used an automatic telephone dialing system or other device to barrage the Plaintiff with scores of unsolicited junk texts related to their "loyalty program."

5.20    In the four years prior to the Defendants' transmission of its first unsolicited commercial text message to Plaintiff, through the date of the filing of this action, the Defendants have illegally utilized or assisted in the utilization of automatic telephone dialing systems or other devices to transmit tens of thousands of unsolicited commercial text messages to thousands of recipients without first obtaining those recipients' clear, affirmative, and express written consent to receive such messages in advance.

COMPLAINT FOR DAMAGES - Page 8 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

5.21 As a result of the Defendants' actions and omissions, the Plaintiff and members of the putative class have suffered injuries-in-fact, including invasions of privacy, intrusion upon and occupation of the capacity of recipients' telephones or other devices and chattels, and wasting consumers' time and attention in tending to unwanted and junk text messages.

5.22 As a result of the Defendants' actions and omissions, the Plaintiff and members of the putative class are entitled to recover statutory damages of at least $500 for each of the Defendants' violations, plus actual damages, costs, and fees as provided by applicable statutes.

## VI. FIRST CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act (TCPA)
### 47 USC §227, *et seq.*

6.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2 The TCPA prohibits any business or individual from using an automatic telephone dialing system to transmit unsolicited commercial text messages without first obtaining the recipients' express written consent to receive such messages. 47 USC § 227(b)(1)(C)(ii); 47 CFR § 64.1200(a)(2).

6.3 The actions and omissions of each Defendant in this regard violated 47 USC § 227, *et seq.*

6.4 As a result of the Defendants' violations, the Plaintiff has suffered injuries-in fact, including but not limited to invasions of privacy, trespass to chattels, lost time, and distraction. Pursuant to 47 USC § 227(b)(3), Plaintiff is entitled to an award of $500, plus an exemplary award increasing those damages to $1,500, for each of the Defendants' violations.

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

## VII. SECOND CAUSE OF ACTION
### Violation of Washington's Consumer Protection Act
### RCW 19.86, *et seq.*

7.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2 Washington's CPA states in part that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.1 The Defendants engaged in unfair acts and practices in the conduct of trade or commerce in a manner that offended the public interest and caused injury to the plaintiff and actually injured, has the capacity to injure, or had the capacity to injure other persons.

7.2 The actions and omissions of each Defendant in this regard violated RCW 19.86, *et seq.*

7.3 Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or assisting in the transmission of a commercial text message to a Washington resident's phone or similar device, unless the recipient has clearly and affirmatively consented in advance to receive such text messages. RCW 19.190.070(1)(b).

7.4 Each of the Defendants, individually and collectively, initiated or assisted in the transmission of one or more unsolicited commercial text messages to the Plaintiff and putative class members without first obtaining those recipients' clear and affirmative consent to receive such messages.

7.5 The actions and omissions of each Defendant in this regard violated RCW 19.160.060(1).

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

7.6  Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial text messages to recipients who have not clearly and affirmatively consented to receiving such text messages is an unfair or deceptive act in trade or commerce for purposes of applying the CPA.

7.7  Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial text messages to recipients who have not clearly and affirmatively consented to receiving such text messages is a matter affecting the public interest for purposes of applying the CPA.

7.8  Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial text messages to recipients who have not clearly and affirmatively consented to receiving such text messages is not reasonable in relation to the development and preservation of business.

7.9  Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732, 406 P.3d 1149, 1155 (2017).

7.10  The Defendants' acts and omissions complained of herein actually injured other persons and have the capacity to injure other persons.

7.11  As a result of the Defendants actions and omissions, the Plaintiff and members of the putative class are each entitled to recover $500, plus exemplary damages of $1,500, plus costs and reasonable attorneys' fees for each CEMA violation committed by the Defendants.

## II.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

COMPLAINT FOR DAMAGES - Page 11 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

7.1     Declaring that this action is properly maintainable as a Class action and certifying the Plaintiff as Class representative and Kirk D. Miller of Kirk D. Miller, PS, and Brian G. Cameron of Cameron Sutherland, PLLC, as Class Counsel;

7.2     Awarding Plaintiff and the Class actual and statutory damages, costs, and fees pursuant to 47 USC § 227(b)(3), RCW 19.190.040(1), and RCW 19.86.090;

7.3     Awarding treble damages pursuant to the federal TCPA and Washington's CPA.

7.4     Granting injunctive relief prohibiting Defendants from transmitting unsolicited advertisements without first obtaining recipients' clear, affirmative, and express written consent to receive such text messages.

7.5     Granting declaratory relief finding that the Defendants' conduct violated the federal TCPA as well as Washington's CEMA and CPA.

7.6     Awarding the Plaintiff her costs in this action, including reasonable attorneys' fees and expenses; and

7.7     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

DATED this _____ day of June, 2019.

KIRK D. MILLER, P.S.

_____
Kirk D. Miller, WSBA #40025
*Attorney for Plaintiff*

CAMERON SUTHERLAND, PLLC

_____
Brian G. Cameron, WSBA #44905
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - Page 12 of 12