1   KIRK D. MILLER, WSBA #40025
    Kirk D. Miller, PS
2   421 W. Riverside Avenue, Ste. 660
    Spokane, WA  99201
3   (509) 413-1494 Telephone
    kmiller@millerlawspokane.com
4
    SHAYNE J. SUTHERLAND, WSBA #44593
5   BRIAN G. CAMERON, WSBA #44905
    Cameron Sutherland, PLLC
6   421 W. Riverside Avenue, Ste. 660
    Spokane, WA  99201
7   (509) 315-4507 Telephone
    ssutherland@cameronsutherland.com
8   bcameron@cameronsutherland.com

9   *Attorneys for Plaintiff and Class*

10            **IN THE UNITED STATES DISTRICT COURT**
              **EASTERN DISTRICT OF WASHINGTON**
11

12  ROBERTA FRANK, an individual, and )
    all others similarly situated,      )
13                                      )  Case No.:  2:19-cv-250-SAB
                      Plaintiff,        )
14                                      )  **UNOPPOSED MOTION FOR**
            vs.                         )  **CLASS CERTIFICATION AND**
15                                      )  **PRELIMINARY APPROVAL OF**
    CANNABIS & GLASS, LLC, a            )  **CLASS SETTLEMENT**
16  Washington limited liability company; )
    NXNW Retail, LLC, a Washington      )
17  limited liability company; and TATE )  **Hearing Date: January 18, 2022**
    KAPPLE and his marital community,   )  **No Oral Argument Requested**
18                                      )
                      Defendants.       )
19                                      )
    _____ )
20

    UNOPPOSED MOTION FOR CLASS CERTIFICATION
    AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1

2

# **TABLE OF CONTENTS**

3

I.  NATURE OF THE CASE AND BACKGROUND.................................................1

II.  RELIEF REQUESTED ....................................................................................2

III.  ARGUMENT ..................................................................................................3

   A.    Certification of the Settlement Class is Appropriate as the
          Requirements of Fed. R. Civ. P. 23(a) and (b)(3) are Satisfied............3

          1.    Numerosity is Satisfied……………………………..……………4

          2.    The Class Presents Common Questions of Law and Fact……..4

          3.    The Representative Plaintiff's Claims are Typical of the
                Class……………………………………………………………6

          4.    The Representative Plaintiff Will Fairly and Adequately
                Protect the Interests of the Class…………………………………8

          5.    Representative Plaintiff's Counsel are Qualified to Litigate
                This Action and Should be Appointed Class Counsel…………..9

          6.    The Proposed Class Claims Raise Common Legal and Factual
                Questions that Predominate Over Individual Ones and a Class
                Action is a Superior Method to Adjudicate this
                Controversy……………………………………………………...10

          7.    Predominance is Satisfied……………………………………10

          8.    A Class Action Adjudication is a Superior Method to Resolve
                this Controversy……………………………..……………………..11

20

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

B.    The Parties' Class Settlement is Fair and Reasonable ........................14

    1.    Standard of Review for Class Action Settlements...............15

    2.    The Settlement is the Result of Arm's Length, Non-Collusive Negotiations and is Presumptively Fair...........................17

    3.    The Relief Provided by the Settlement is Adequate Considering the Strength of Plaintiff's Case, the Risk of Maintaining a Class Action Through Trial, and the Risk, Cost and Delay of Trial and Appeal.......................................................................18

    4.    Class Counsel will Request Approval of a Fair and Reasonable Fee.......................................................................22

    5.    Conclusion-The Court Should Preliminarily Approve the Parties' Settlement Agreement.....................................23

C.    The Court Should Appoint P&N as Class Administrator and Approve Class Notice .................................................................23

D.    The Court Should Schedule a Final Approval Hearing...........................25

IV.  CONCLUSION......................................................................26

## TABLE OF AUTHORITIES

**Cases**

*Smith v. Univ. of Wash. Law Sch.,* 2 F. Supp.2d 1324 (W.D. Wash. 1998)..............4

*Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909 (9th Cir. 1964)...............4

*In re Washington Mut. Mortgage-Backed Secs. Litig.,* 276 F.R.D. 658 (W.D. Wash. 2011) .........................................................................4

*Ellis v. Costco Wholesale Group,* 657 F.3d 970 (9th Cir. 2011)...............................4

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) ..........................5,8,12,16

*Abdullah v. U.S. Sec. Assoc., Inc.,* 731 F.3d 952 (9th Cir. 2013) ..............................5

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011)...........................................5,6

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

*Benitz v. W. Milling, LLC,* No. 1:18-cv-01484-SKO, 2020 WL 309200 (E.D. Cal. Jan. 21, 2020)...........................................................................5

*Stockwell v. City and Cty. Of San Francisco,* 749 F.3d 1107 (9ᵗʰ Cir. 2014)............5

*Hansen v. Ticket Track, Inc.,* 213 F.R.D. 412 (W.D. Wash. 2003)..........................6

*Armstrong v. Davis,* 275 F.3d 849 (9ᵗʰ Cir. 2001) .................................................7

*Parsons v. Ryan,* 754 F.3d 657 (9ᵗʰ Cir. 2014) .....................................................7

*Hernandez v. Cty. of Monterey,* 305 F.R.D. 132 (N.D. Cal. 2015) ..........................7

*Hansberry v. Lee,* 311 U.S. 32, 42-43 (1940)) ......................................................8

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997).....................................10,14

*Tyson Foods, Inc. v. Bouaphakeo,* 136 S. Ct. 1036 (2016) ....................................10

*In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539 (9ᵗʰ Cir. 2019)....................10

*Walker v. Life Ins. Co. of the S.W.,* 953 F.3d 624 (9ᵗʰ Cir. 2020).........................11

*Wolin v. Jaguar Land Rover N. Am. LLC,* 617 F.3d 1168 (9ᵗʰ Cir. 2010)...............12

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.* 244 F.3d 1152 (9ᵗʰ Cir. 2001).............................................................................12

*Terry v. Wasatch Advantage Grp., LLC,* 327 F.R.D. 395 (E.D. Cal. 2018)............13

*Eisenberg v. Gagnon,* 766 F.2d 770 (3ʳᵈ Cir. 1985) .............................................14

*Staton v. Boeing Co.,* 327 F.3d 938 (9ᵗʰ Cir. 2002) .............................................14

*Lane v. Facebook, Inc.,* 696 F.3d 811 (9ᵗʰ Cir. 2012)...........................................15

*Evans v. Jeff D.,* 475 U.S. 717 (1986) .................................................................15

*Access Now, Inc. v. Claire's Stores, Inc.,* 2002 WL 1162422 (S.D. Fla. May 7, 2002) ......................................................................................................15

*Austin v. Pennsylvania Dep't. of Corrections,* 876 F. Supp. 1437 (E.D. Pa. 1995) ..........................................................................................................15,20

*Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615 (9ᵗʰ Cir. 1982) .........16,21

*Alaniz v. California Processors, Inc.,* 73 F.R.D. 269 (N.D. Cal. 1976)...................16

*Smith v. Mulvaney,* 827 F.2d 558 (9ᵗʰ Cir. 1987)................................................16

*In re General Motors Corp. Pick-Up Truck Prod. Liab. Litig.,* 55 F.3d 768 (3ʳᵈ Cir. 1995).................................................................................................17

*Ikuseghan v. Multicare Health Sys.,* No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016).................................................................................17

*Ortiz v. Fiberboard Corp.,* 527 U.S. 815 (1999)...................................................17

*Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245 (N.D. Cal. 2015)................18

*Rodriguez v. West Publ'g Corp.,* 563 F.3d 948 (9ᵗʰ Cir. 2009) .............................20

*Nat'l. Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523 (C.D. Cal. 2004)...................................................................................................20

*In re Bluetooth Headset Products Liab. Litig.,* 654 F.3d 935 (9ᵗʰ Cir. 2011) .........22

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043 (9ᵗʰ Cir. 2002)..................................22

*In re Online DVD-Rental Anti-Trust Litig.,* 779 F.3d 934 (9th Cir. 2015)..............22

1

2 **Statutes**

RCW 19.86, *et seq.* ............................................................................1

3 RCW 19.190, *et seq.* ..........................................................................1

47 U.S.C. § 227, *et seq* ......................................................................1

4

5 **Rules**

Fed. R. Civ. P. 23 .......................................................................2,15,23

6 Fed. R. Civ. P. 23(a) ............................................................................3

Fed. R. Civ. P. 23(b)(3) ...........................................................3,10,11,12

7 Fed. R. Civ. P. 23(a)(1) .......................................................................4

Fed. R. Civ. P. 23(a)(2) .......................................................................4

8 Fed. R. Civ. P. 23(a)(3) .......................................................................6

Fed. R. Civ. P. 23(a)(4) .......................................................................8

9 Fed. R. Civ. P. 23(g) ...........................................................................9

Fed. R. Civ. P. 23(g)(1)(A) ..................................................................9

10 Fed. R. Civ. P. 23(g)(4).……………………………………………………9

Fed. R. Civ. P. 23(e)(2) ......................................................................16

11 **Other Rules/Regulations**

12 *Advisory Comm. on Rule 23, Proposed Amends. to the Rules of Civ. Proc.,* 39

F.R.D. 69, 102-103 (1966) ................................................................14

13 *Manual for Complex Litigation (Third)* § 30.41 ................................16

14

15

16

17

18

19

20

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

# I.    NATURE OF THE CASE AND BACKGROUND

Plaintiff and proposed class representative Roberta Frank, ("Plaintiff"), on behalf of herself and all others similarly situated, filed a complaint against Defendants Cannabis & Glass, LLC, NXNW Retail, LLC, and Tate Kapple (hereafter "Defendants"), alleging violations of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq*., vis à vis the Defendants' alleged violations of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190, *et seq*., and the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.  The alleged violations arise from Defendants' alleged practice of transmitting or assisting in transmitting commercial electronic text messages to Washington recipients without first obtaining those recipients' clear, affirmative, and express written consent. The parties discovered that Defendants' alleged practice potentially affected 10,300 individuals in the state of Washington.

Now, after performing a thorough study and investigation of the law and facts relating to the claims asserted, participating in extensive discovery, participating in mediation, Plaintiff and her counsel have concluded that a settlement with Defendants is in the best interest of the parties.  In making the decision, Plaintiff and her counsel took into account the contested issues involved, the expense and time necessary to pursue certification of the Action, the risks and

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 1

costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received by Plaintiff and members of the settlement class in reaching this decision.

Similarly, Defendants have concluded that, because of the substantial expense of litigating the Action, the inconvenience involved, the litigation risks, and for the purpose of putting to rest the controversies engendered by the Action, that it is in their best interest to settle on the fair and reasonable terms proposed in the parties' Settlement Agreement, which is attached to the contemporaneously filed Declaration of Class Counsel Kirk D. Miller in Support of this Motion as **Exhibit 1.**

## II.    RELIEF REQUESTED

With this Unopposed Motion, Plaintiff requests the Court entering an Order: A) Certifying this matter as a class for settlement purposes; B) Preliminarily approving the Class Settlement; C) Appointing Postlethwaite & Netterville, APAC, ("P&N") as Class Administrator and approving Notice to be sent to members of the settlement class; and D) Setting a final fairness hearing pursuant to Fed. R. Civ. P. 23.

For purposes of the settlement, the parties have agreed on the following class definition:

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 2

All persons residing in the State of Washington who received one or more unsolicited commercial Text Messages transmitted by or on behalf of C&G Defendants on or after June 22, 2015, and through the date this class is certified by the Court.

Excluded from the Settlement Class are (1) Defendants, and their immediate families (as applicable); (2) officers, members, partners, managers, directors, and employees of Defendants, and their respective immediate families; (2) legal counsel for all parties in the Action, and their immediate families; (3) the presiding Judge in the Action, and any members of the Judge's staff and immediate family; and (4) all persons who validly request exclusion from the Settlement Class.

### III.    ARGUMENT

**A.    Certification of the Settlement Class is Appropriate as the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) are Satisfied.**

In order to qualify for class certification, a plaintiff must demonstrate that that he or she is likely to satisfy the four requirements under Fed. R. Civ. P. 23(a): "(1) The class is so numerous that joinder of all members is impracticable ['numerosity']; (2) There are questions of law or fact common to the class ['commonality']; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class ['typicality']; and (4) The representative parties will fairly and adequately protect the interests of the class ['adequacy of representation']." Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) if the Court find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 3

1  and efficient adjudication of the controversy." Here, the putative class satisfies

2  these requirements.

3  **1. Numerosity is Satisfied.**

4  The proposed class satisfies the numerosity requirement under Fed. R. Civ.

5  P. 23(a)(1). Rule 23(a)(1) does not "demand that the class be so numerous that

6  joinder is impossible but rather simply that joinder of the class is impracticable."

7  *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp.2d 1324, 1340 (W.D. Wash. 1998)

8  citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir.

9  1964). In general, a class consisting of 40 or more members is presumed to be

10 sufficiently numerous. *In re Washington Mut. Mortgage-Backed Secs. Litig.*, 276

11 F.R.D. 658, 665 (W.D. Wash. 2011).

12 In this case, Defendants' records reveal that there are 10,300 putative class

13 members within the stated class period. (ECF No. 53, Decl. Miller, ¶ 11, Ex. 1, §

14 III.G.). Joinder of 10,300 individuals is impracticable. Accordingly, the number of

15 impacted individuals easily satisfies the Fed. R. Civ. P. 23(a)(1)'s requirement for

16 numerosity.

17 **2. The Class Presents Common Questions of Law and Fact.**

18 Fed. R. Civ. P. 23(a)(2) requires "questions of law or fact common to the

19 class." The commonality requirement has "'been construed permissively and '[a]ll

20 questions of fact and law need not be common to satisfy the rule.'" *Ellis v. Costco*

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 4

1   *Wholesale Group,* 657 F.3d 970 (9th Cir. 2011) (alteration in original) (quoting

2   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Commonality can

3   be satisfied by even "a single *significant* question of law or fact." *Abdullah v. U.S.*

4   *Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (citation omitted). The common

5   questions must generate common answers that are "apt to drive the resolution of

6   the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

7   Commonality is thus satisfied where the claims of all class members "depend upon

8   a common contention … of such a nature that it is capable of class-wide

9   resolution—which means that determination of its truth or falsity will resolve an

10  issue that is central to the validity of each one of the claims in one stroke." *Id*.  As

11  such, "commonality is generally satisfied where the lawsuit challenges a system-

12  wide practice or policy that affects all of the putative class members." *Benitz v. W.*

13  *Milling, LLC*, No. 1:18-cv-01484-SKO, 2020 WL 309200, at *5 (E.D. Cal. Jan. 21,

14  2020) (internal quotation marks and citations omitted).

15         The Court need not resolve the merits of Plaintiff's claims to determine

16  whether commonality is satisfied. "[W]hether class members could actually prevail

17  on the merits of their claims is not a proper inquiry in determining the preliminary

18  question whether common questions exist." *Stockwell v. City and Cnty. of San*

19  *Francisco*, 749 F.3d 1107, 1112 (9th Cir. 2014) (internal citations and quotations

20  omitted).

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 5

1    In this case, the commonality requirement is easily satisfied. The common

2  class issues are whether Defendants violated the CPA vis à vis violations of CEMA

3  and/or the TCPA by transmitting or assisting in transmitting commercial electronic

4  text messages to Washington consumers without first obtaining the recipients'

5  clear affirmative, and express written consent. These questions are common to all

6  putative class members. There is no significant variation in the fact patterns of the

7  10,300 putative class members.

8    With this Settlement Agreement (without an admission of liability) the

9  common class questions are resolved in one stroke, as all the claims presented in

10  this action will be settled. Therefore, commonality is satisfied.  *See Wal-Mart*

11  *Stores, Inc.*, 564 U.S. at 350 (commonality satisfied when plaintiff shows that a

12  class wide proceeding would "generate common *answers* apt to drive the

13  resolution of the litigation.").

14  **3.  The Representative Plaintiff's Claims are Typical of the Class.**

15    Typicality is satisfied because Plaintiff's claims are "reasonably coextensive

16  with those of the absent class members."   See Fed. R. Civ. P. 23(a)(3); *Hansen v.*

17  *Ticket Track, Inc*., 213 F.R.D. 412, 415 (W.D. Wash. 2003). The Supreme Court

18  has stated that "typicality" means that the named plaintiffs "suffer the same injury

19  as the class members." *Wal-Mart*, 564 U.S. at 348.  However, it is not necessary

20  "that the named plaintiffs' injuries be identical with those of the other class

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 6

1  members, only that the unnamed class members have injuries similar to those of

2  the named plaintiffs and that the injuries result from the same, injurious course of

3  conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001); *see also Parsons*

4  *v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014) ("Rule 23(a)(3) requires only that

5  [named plaintiffs'] claims be 'typical' of the class, not that they be identically

6  positioned to each other or to every class member").

7      In this case, Plaintiff and the 10,300 putative class members have suffered

8  the exact same alleged injury – receiving at least one of Defendants' unsolicited

9  commercial text messages.  The facts that give rise to Plaintiff's claim are the same

10  facts that give rise to the claims of each putative class member.  Because the

11  named Plaintiff and putative class members allege the same injury and the same

12  harmful practice, typicality is satisfied.  *See, e.g., Armstrong v. Davis*, 275 F.3d at

13  868 (finding typicality where the plaintiffs "are objects of discriminatory treatment

14  on account of their disabilities," including the discriminatory deprivation of

15  services in violation of the ADA); *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132,

16  159 (N.D. Cal. 2015) (finding typicality where "[e]ach named Plaintiff declares

17  exposure, like all other members of the putative class and subclass, to a substantial

18  risk of serious harm due to the challenged policies and practices.").

19  / / /

20  / / /

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 7

### 4. The Representative Plaintiff Will Fairly and Adequately Protect the Interests of the Class.

The adequacy requirement is satisfied when the class representatives will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4), (g)(1). This element of class certification is required in order to satisfy due process concerns that "absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon,* 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). Determining adequacy of representation requires applying a two-prong test: "(1) Do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) Will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

The operative Complaint affirms that the Representative Plaintiff has the same claims as the members of the class.  (ECF No. 32, ¶ 8.6). She has, and will, continue to fairly and adequately represent the interests of the class members and has no interests antagonistic to the class.  She has been and is committed to vigorously litigating this matter.  (ECF No. 53, ¶ 13).  She has demonstrated her commitment to serve as class representative by participating in counsel's investigation of her claims and discovery, reviewing and approving the complaint,

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 8

and actively participating in the settlement agreement reached.  Accordingly,

Plaintiff is adequate.

### 5.  Representative Plaintiff's Counsel are Qualified to Litigate this Action and Should be Appointed Class Counsel.

In certifying a class, the Court must also appoint class counsel.  *See* Fed. R.

Civ. P. 23(g).  The Court must consider: "(i) the work counsel has done in

identifying or investigating potential claims in the action; (ii) counsel's experience

in handling class actions, other complex litigation, and the types of claims asserted

in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources

that counsel will commit to representing the class[.]" *See Id.* at 23(g)(1)(A).  Class

counsel must also "fairly and adequately represent the interests of the class."  *Id.* at

23(g)(4).

Here, Plaintiff's counsel satisfies the requirements of Fed. R. Civ. P. 23(g).

Counsel has experience with class action lawsuits and have been found to be

adequate class counsel in many other class action proceedings.  (ECF No. 53 ¶¶

4 – 6).  Further, counsel has long focused on issues of consumer and tenant rights.

(*Id.* ¶¶ 2, 5).  Lastly, Plaintiff's counsel has committed and will continue to commit

significant resources to the prosecution of this litigation.  (*Id.* at ¶¶ 4, 6).

Accordingly, Kirk D. Miller, P.S. and Cameron Sutherland, PLLC, should be

appointed Class Counsel.

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 9

6.  **The Proposed Class Claims Raise Common Legal and Factual Questions that Predominate Over Individual Ones and a Class Action is a Superior Method to Adjudicate this Controversy.**

Class certification is appropriate under Rule 23(b)(3) if the Court finds that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997).

7.  **Predominance is Satisfied.**

Predominance is satisfied when "the common, aggregation-enabling issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted). "[I]f just one common question predominates, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 557 (9th Cir. 2019) (en banc).

Determining whether the common questions predominate is not a matter of "nose-counting," rather, "more important questions apt to drive the resolution of

the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance to the claims of the class." *Hyundai*, 926 F.3d at 557. Courts "focus on whether common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication; if so, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Walker v. Life Ins. Co. of the S.W.,* 953 F.3d 624, 630 (9th Cir. 2020) (internal quotation marks omitted).

In this case, the central claims to be adjudicated are whether Defendants violated the CPA and/or TCPA by transmitting or assisting in transmitting commercial electronic text messages to Washington residents without first obtaining their clear, affirmative, and express written consent to receive the text messages. These claims are common to all putative class members. There are no individual questions associated with these claims, as the recovery for the class is identical. Accordingly, predominance is satisfied.

### 8. A Class Action Adjudication is a Superior Method to Resolve this Controversy.

A class should be certified if the Court finds that a "class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the superiority requirement is to ensure

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 11

judicial economy and that a class action is the "most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am*., *LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted). The superiority inquiry "involves a comparative evaluation of alternative methods of dispute resolution." *Hanlon*, 150 F.3d at 1023. Courts consider four factors in evaluating the superiority requirement: "(A) The class members' interests in individually controlling the prosecution or defense of separate actions; (B) The extent and nature of any litigation concerning the controversy already begun by or against class members; (C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) The likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). All four factors support class certification in this case.

In this case, the individual claims of class members are small and well suited for class-wide resolution. The recovery for the class is limited to the statutory damage of $500.00 for each text message (excluding any potential trebling), which is likely not enough for individuals to file a separate action or convince most attorneys to offer representation. Concentrating the multitude of identical and relatively small value claims of the class members in one action is a far superior method of adjudication than litigating a vast number of individual actions. *Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively

small individual sums" are particularly well suited to class treatment); *see also Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. at 418 (finding superiority where proposed class was hundreds of tenants seeking damages of a few thousand dollars each).

With respect to the second factor ("the extent and nature of any litigation concerning the controversy already commenced"), Defendants are not engaged in other litigation concerning their text message practices so this factor favors certification. (ECF No. 53 ¶ 7).

As to the third factor, given the small amount of damages, and novelty of the class claim, certifying this class is likely the only way that the class members will have their claims vindicated. Accordingly, this factor also favors certification. *Hansen,* 213 F.R.D. at 416-417 (noting that the cumbersome nature of individual litigation and the comparatively minimal damages recoverable under the FDCPA make it likely that class members will have little interest in bringing their own action).

Finally, there are no difficulties anticipated with the management of the class action. As class actions go, this one is extraordinarily simple. It contains two alleged violations with similar damages across the board. Not even one individualized question is anticipated for this Court to consider in this action. Accordingly, the final factor also favors certification of the class.

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 13

In this case, as in many class actions, denial of class status would effectively deny any judicial remedy.  *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3rd Cir. 1985). Prosecution of this case as a class action will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Advisory Comm. on Rule 23, Proposed Amends. to the Rules of Civ. Proc.,* 39 F.R.D. 69, 102-103 (1966).  Here, predominance and superiority are met. Accordingly, this Court should certify the class for the purposes of settlement.

**B.    The Parties' Class Settlement is Fair and Reasonable.**

In order to settle a putative class action, the court must first approve a settlement class that meets the requirements of CR 23(a) and (b).  *Amchem Prods., Inc.,* 521 U.S. 591, 609–12 (1997).  Next, the court must find that the settlement is fair, adequate, and reasonable, and enter preliminary approval of the settlement agreement.  *Staton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2002) (analyzing FRCP 23(e)).  Thereafter, notice and opportunity to object and opt-out must be given to all class members.  Finally, the court must conduct a fairness hearing and, in order to approve the final settlement, make specific findings regarding the adequacy and fairness of the proposed settlement.  *Id.*

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 14

1      **1. Standard of Review for Class Action Settlements.**

2          A court's approval of a class-action settlement must be accompanied by a

3    finding that the settlement is "fair, reasonable, and adequate." *Lane v. Facebook,*

4    *Inc.,* 696 F.3d 811, 818 (9th Cir. 2012). "[T]he district court [] must evaluate the

5    fairness of a settlement as a whole, rather than assessing its individual

6    components." *Id.* "[T]he question whether a settlement is fundamentally fair

7    within the meaning of Rule 23(e) is different from the question whether the

8    settlement is perfect." *Id.* at 819. Although Fed. R. Civ. P. 23 imposes strict

9    procedural requirements on the approval of a class settlement, a court's only role in

10   reviewing the substance of that settlement is to ensure that it is "fair, adequate, and

11   free from collusion." *Id.* The Court must determine the fundamental fairness,

12   adequacy, and reasonableness of the settlement, taken as a whole. *Evans v. Jeff D.,*

13   475 U.S. 717, 726–27 (1986). "The trial court should not make a proponent of a

14   proposed settlement justify each term of settlement against a hypothetical or

15   speculative measure of what concessions might [be] gained." *Access Now, Inc. v.*

16   *Claire's Stores, Inc.,* 2002 WL 1162422, at 4 (S.D. Fla. May 7, 2002). Significant

17   weight should be given "to the belief of experienced counsel that settlement is in

18   the best interest of the class." *Austin v. Pennsylvania Dep't. of Corrections,* 876 F.

19   Supp. 1437, 1472 (E.D. Pa. 1995). Generally, a proposed settlement will be

20   preliminarily approved unless it is outside the range of reasonableness or appears

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 15

to be the product of collusion, rather than arms-length negotiation.  *See, e.g., Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982).

The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range of possible approval."  *See* MANUAL FOR COMPLEX LITIGATION (THIRD) § 30.41, at 237; *accord*, *e.g., Alaniz v. California Processors, Inc.,* 73 F.R.D. 269, 273 (N.D. Cal. 1976).  "[T]his determination is similar to a determination that there is 'probable cause' to think the settlement is fair and reasonable." *Alaniz,* 73 F.R.D. at 273.

To guide courts in assessing the fairness and reasonableness of a proposed settlement, the Ninth Circuit has identified several factors to employ, which may include, among others, some or all of the following: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the Class Members to the proposed settlement.  *Hanlon,* 150 F.3d at 1026; *Smith v. Mulvaney*, 827 F.2d 558, 562 n.3 (9th Cir. 1987); *see also* Fed R. Civ. P. 23(e)(2) (listing similar factors).

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 16

### 2.  The Settlement is the Result of Arm's Length, Non-Collusive Negotiations and is Presumptively Fair.

Preliminary approval "establishes an initial presumption of fairness when the court finds that: (1) The negotiations occurred at arm's length; (2) There was sufficient discovery; (3) The proponents of the settlement are experienced in similar litigation."  *In re General Motors Corp. Pick-Up Truck Prod. Liab. Litig.*, 55 F.3d 768, 785 (3rd Cir. 1995). Further, "[a]rm's length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.,* No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp*., 527 U.S. 815, 852 (1999) ("[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining").

The proposed Settlement was reached after extensive investigation, contested motions, discovery, and negotiations over a period of two (2) years. (ECF No. 53, ¶¶ 8, 9).  The parties' settlement negotiations were conducted with the assistance of Honorable Frederick P. Corbit and Career Law Clerk Julia D. McGann of the United States Bankruptcy Court for the Eastern District of Washington. (ECF No. 53, ¶ 9).  The parties engaged in numerous settlement conferences with Judge Corbit and Ms. McGann, and with their substantial

1  assistance and guidance, were able to come to an amicable resolution.  (ECF No.

2  53, ¶ 9).  Class Counsel negotiated the settlement with the benefit of many years of

3  prior experience and a solid understanding of the facts and law of this case.  (ECF

4  No. 53, ¶¶ 2, 5).  Class Counsel has extensive experience litigating and settling

5  class actions.  (ECF No. 53, ¶ 5).  The recommendation of experienced counsel

6  weighs in favor of granting approval and creates a presumption of reasonableness.

7  *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015)

8  ("The trial court is entitled to, and should, rely upon the judgment of experienced

9  counsel for the parties." (citation omitted)).  Accordingly, the Settlement reached

10  here should be determined fair and reasonable.

### 3. The Relief Provided by the Settlement is Adequate Considering the Strength of Plaintiff's Case, the Risk of Maintaining a Class Action Through Trial, and the Risk, Cost and Delay of Trial and Appeal.

13  Under the terms of the proposed settlement, the Defendants are required to

14  pay up to sixty dollars ($60.00) to each putative class member, in the form of

15  vouchers, who makes a valid claim and does not opt-out of the class. If all

16  vouchers were redeemed by class members, total funds in the amount of

17  $618,000.00 to the 10,300 class members will be distributed.

18  This case also involves statutory damages for alleged violations of the CPA

19  vis à vis Defendants' violations of CEMA.  It is unlikely that any class member

20  suffered any out-of-pocket damages resulting from the alleged violations, so a

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 18

form of monetary compensation via a voucher is a reasonable form of

compensation to the class. Further, the putative class members are likely unaware

that their rights have been violated. During the pendency of this litigation, none of

the putative class members have taken any action on their own behalf. A settlement

which provides compensation for these unaware individuals furthers the

reasonability of the settlement. Moreover, Defendants are locally-based cannabis

retailers. Cannabis retailers have effective tax rates of 70% or higher.[1]  A

settlement or judgment providing the minimum damages available under Plaintiff's

causes of action would put them out of business, which would not serve the class

members or the community at large. When factoring in these considerations, a

voucher settlement with a near seven-figure dollar value is reasonable.

     Though Plaintiff is confident in the strength of her case, she is also

pragmatic about the risks inherent in litigation and various defenses available to

Defendants. In Plaintiff's view, liability was relatively clear based on a review of

Defendants' standard practices and processes related to their text messaging

campaigns. However, success is not guaranteed. Defendants have consistently

denied liability of Plaintiff's claims.  Absent this settlement, Plaintiff would still

---

[1] https://www.greenleaf-hr.com/blog/the-cannabis-business-guide-to-the-irs-280e-tax-code

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 19

1  have several hurdles to clear before resolution, including additional discovery, a

2  contested class certification motion, dispositive motions likely to be filed by both

3  parties, and ultimately trial and any appeal that followed.

4       Litigating this case to trial and through any appeals would be expensive and

5  time-consuming and would present risk to both parties. The settlement, by contrast,

6  provides prompt and certain relief for class members. *See, Rodriguez v. West*

7  *Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l. Rural Telecomms. Coop. v.*

8  *DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider

9  the vagaries of litigation and compare the significance of immediate recovery by

10  way of the compromise to the mere possibility of relief in the future, after

11  protracted and expensive litigation." (citation omitted)).

12      Here, Plaintiff and Class Counsel's decision to settle was formed by

13  extensive investigation, research, discovery, data analysis, and negotiations with

14  Defendants.  The settlement negotiations were conducted with the valuable input

15  and guidance of a highly respected Federal Court Judge and Career Law Clerk.

16  Both parties' counsels are experienced in consumer protection and unsolicited text

17  message litigation and believe this settlement is fair, reasonable, and in the best

18  interest of the class and the Defendants. In these settlements, courts should give

19  significant weight "to the belief of experienced counsel that settlement is in the

20  best interest of the class." *Austin v. Pennsylvania Dep't. of Corrections*, 876 F.

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 20

Supp. 1437, 1472 (E.D. Pa. 1995). The parties' counsels have also carefully explained the proposed settlement to their respective clients and have also discussed the potential benefits and drawbacks of the settlement.  The Plaintiff has also considered these facts, is conscious of her duty to the putative class, and has determined the settlement is in the best interest of the class.

Accordingly, this Court should preliminarily approve this fair, reasonable, and adequate settlement that was bargained for through arms-length negotiation. The settlement reflects a reasonable compromise based on interests of the class and the risks and expense of further litigation.  Putative class members will have notice and opportunity to object and opt-out at a later date. Thereafter, this Court will also have a fairness hearing to make specific findings regarding the adequacy and fairness of the proposed settlement. It is at that final approval hearing where this Court will ultimately determine, after Class Members have had an opportunity to comment on the settlement, whether the settlement is fair, reasonable, and adequate from the Class Members' perspective.  *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Accordingly, the parties request that this Court enter an Order preliminarily certifying this matter as a Class, approving the settlement and the form and manner of the class notice, and schedule a hearing on fairness of the settlement.

/ / /

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 21

### 4.  Class Counsel will Request Approval of a Fair and Reasonable Fee.

Class Counsel intends to request an award of not more than $150,000.00 to compensate them for the work performed on behalf of the Class and to reimburse them for out-of-pocket expenses they have incurred in prosecuting this action. They will do so by preparing and filing a comprehensive motion for an award of attorneys' fees supported by detailed entry records within 30 days after this Court enters a preliminary approval order in this matter.  This motion will be posted on the Settlement Website 30 days before the deadline for class members to opt-out or object to the settlement.  (ECF No. 53, ¶ 14).

The attorneys' fees and costs Class Counsel seek are reasonable under the circumstances of this case. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (requiring that any attorneys' fee awarded be reasonable). District courts have discretion to use either the percentage-of-the-fund or the lodestar method to calculate a reasonable attorneys' fee from a common fund established by a class action settlement. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit uses 25% as the benchmark to calculate any attorneys' fee award using the percentage of the fund method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). Here, the requested fees are less than the 25% benchmark (approximately 22%) and are

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 22

1  likely at or below the lodestar attorneys' fees, and thus are presumptively

2  reasonable.

3  ### 5.  Conclusion - The Court Should Preliminarily Approve the Parties' Settlement Agreement.

4

5      Based on the foregoing, Plaintiff respectfully submits that the proposed

   settlement of this action satisfies all of the relevant legal standards for preliminary

6  approval under Fed. R. Civ. P. 23. The settlement is fair considering the amount of

7  the recovery for the class and the cost and risks of further litigation in this matter.

8  The settlement resulted from intensive, extended arm's-length negotiations over a

9  period of multiple months, and reflects a reasonable compromise based on interests

10 of the class and the risks and expense of further litigation.  All attorneys' fees,

11 class representative fees, and class administration costs are being paid from the

12 fund established by the Defendants.  (ECF No. 53, ¶¶ 11-15).

13 **C.    The Court Should Appoint P&N as Class Administrator and Approve**
14 **Class Notice.**

15     The parties ask the Court to appoint P&N to act as the administrator of the

16 Class.  P&N has successfully acted as the class administrator in a number of other

17 class actions filed in the state and federal throughout the United States.  (ECF No.

18 53, ¶ 12). Its responsibilities will include: disseminating the class text message

19 notice; following up on undelivered notices; establishing and maintaining a

20 settlement website; establishing a toll-free number and responding to settlement

1  class member calls; processing, logging, and reviewing exclusion requests for

2  deficiencies; addressing deficiencies with those requesting exclusion and providing

3  them with an opportunity to cure; administering the Settlement Fund; disbursing

4  the Settlement Fund to Settlement Class Members; and providing a report to this

5  Court of the Settlement's success. (ECF No. 53, ¶ 12).  Filed contemporaneously

6  with this Motion, attached as **Exhibits 2** and **3** to the Declaration of Class Counsel

7  Kirk D. Miller, are the proposed class notices.  The parties request that the Court

8  approve the notices and the dissemination of the notice to the Class Members by

9  text message. As part of the Settlement Agreement, Defendants have agreed to pay

10  all class administration fees and costs up to $50,000.00, which P&N has estimated

11  is more than sufficient to administer the class. (ECF No. 53, ¶ 12).

12      A total of two (2) text messages with the Text Message Notice will be

13  provided to members of the Settlement Class by using the Class Member List

14  prepared from the database of phone numbers previously utilized by Defendants to

15  send or assist in sending its text messages to the Settlement Class. (ECF No. 53, ¶

16  16). Notice via text message was the selected medium because the parties believe it

17  to be the best method possible to contact Class Members given that Defendants

18  primarily collected only its customers' names and cell phone numbers at each point

19  of purchase. The campaign has been designed to comply with the TCPA and

20  CEMA. (ECF No. 53, ¶ 16).

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 24

**D.      The Court Should Schedule a Final Approval Hearing.**

The next steps in the settlement approval process are to schedule a final approval hearing, notify class members of the settlement and hearing, and provide class members with the opportunity to exclude themselves from, or object to, the settlement. The parties propose the following schedule for final approval:

| Action | Date |
|--------|------|
| Defendants providing expected class administration costs to Class Administrator | Within 10 days of entry of Preliminary Approval Order |
| Defendants providing class contact information to Class Administrator | Within 15 days of entry of Preliminary Approval Order |
| Deadline for Delivering Class Notice | Within 30 days of entry of Preliminary Approval Order |
| Class Counsel's Fee and Costs Motion Submitted | Within 30 days of entry of Preliminary Approval Order |
| Claims, Exclusions and Objections Deadline | 90 days after entry of Preliminary Approval Order |
| Final Settlement Hearing and Approval Order Entered | At the Court's discretion |
| Final Approval Motion Notice Deadline | Within 14 days of Final Approval Hearing Date |
| Distribution Date | Within 65 days following Final Approval |
| Class Adminstrator's Report to Court | Within 30 days following completion of Class Settlement Distribution |

///

///

///

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 25

# IV.    CONCLUSION

The parties respectfully request that the Court enter an Order of preliminary approval of the settlement of this action as a class action and enter the administrative orders requested.

DATED this 16th day of December, 2021.

KIRK D. MILLER, P.S.                    CAMERON SUTHERLAND, PLLC

s/ Kirk D. Miller                       s/ Shayne J. Sutherland
Kirk D. Miller, WSBA #40025             Shayne J. Sutherland, WSBA #44593
Attorney for Plaintiff                  Brian G. Cameron, WSBA #44905
                                        Attorneys for Plaintiff

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 26

**CM/ECF Certificate of Service**

I hereby certify that on the 16th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of filing to the following:

| | |
|---|---|
| John S. Devlin, III<br>devlinj@lanepowell.com | Attorneys for Defendants Cannabis & Glass, NXNW Retail, & Tate Kapple |
| Taylor Washburn<br>washburnt@lanepowell.com | Attorneys for Defendants Cannabis & Glass, NXNW Retail, & Tate Kapple |

.

s/ *Teri A. Brown*
Teri A. Brown, Paralegal

UNOPPOSED MOTION FOR CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 27