1    KIRK D. MILLER, WSBA #40025
     Kirk D. Miller, PS
2    421 W. Riverside Avenue, Ste. 660
     Spokane, WA  99201
3    (509) 413-1494 Telephone
     kmiller@millerlawspokane.com
4
     SHAYNE J. SUTHERLAND, WSBA #44593
5    BRIAN G. CAMERON, WSBA #44905
     Cameron Sutherland, PLLC
6    421 W. Riverside Avenue, Ste. 660
     Spokane, WA  99201
7    (509) 315-4507 Telephone
     ssutherland@cameronsutherland.com
8    bcameron@cameronsutherland.com

9    *Attorneys for Plaintiff and Class*

10        IN THE UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON
11

12    ROBERTA FRANK, an individual, and )
     all others similarly situated,          )
13                         )   Case No.:  2:19-CV-0250-SAB
           Plaintiff,         )
14                         )   **PLAINTIFF'S UNOPPOSED**
       vs.                )   **MOTION FOR AWARD OF**
15                         )   **ATTORNEYS' FEES, COSTS, AND**
     CANNABIS & GLASS, LLC, a     )   **SERVICE AWARD**
16    Washington limited liability company; )
     NXNW Retail, LLC, a Washington   )
17    limited liability company; and TATE   )   **Hearing Date/Time: April 12, 2022 at**
     KAPPLE and his marital community,   )   **10:00 a.m.**
18                         )
           Defendants.      )
19                         )
   _____ )
20

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD

1

2

# **TABLE OF CONTENTS**

3
Page

4  I.      INTRODUCTION………………………………………………………...1

5  II.     ARGUMENT AND AUTHORITY……………………………………………2

6  A.    Plaintiff and Class Counsel vigorously litigated on behalf of the
7        class………..……………………………………………….……2

    B.    Plaintiff and Class Counsel negotiated an outstanding settlement for
8        Class Members……………………………………...…………...3

9  C.    Class Counsel requests a reasonable award of attorneys' fees and
10       costs……………………………………………..…………4

11       1.    The Court should not consider the value of the vouchers
         redeemed in determining the reasonableness of Class
         Counsel's request for attorneys' fees because CAFA, 28
12       U.S.C. § 1711, does not apply to class settlements that offer
         vouchers for free products…………………………………4
13
         2.    The percentage-of-the-fund method is the appropriate
14       calculation for attorneys' fees in this case……………………7

15       3.    A fee award at the Ninth Circuit benchmark of 25 percent
         of the Settlement Fund will fairly compensate Class Counsel
16       for their work on behalf of the Settlement Class…..…………10

17            a.    Class Counsel achieved an excellent result for the
         Class…………………………………………………...11
18
              b.    Class Counsel assumed significant risk in prosecuting
19       this action for nearly three (3) years…………..…………12
20

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - *i*

c.    Class Counsel produced high quality work reflecting
their skill and experience…………………………………13

d.    Class Counsel's requested fee is below the market rate
and consistent with awards in similar consumer
cases…........................................................................13

4.    The lodestar method as a cross-check illustrates that Class
Counsels' request for attorneys' fees is reasonable………......14

a.    Class Counsel's fee request is reasonable compared
to the Lodestar calculation……………………………..16

b.    Class Counsel expended a reasonable number of hours
litigating this case……………………………………...18

c.    Class Counsel's rates are consistent with community
rates for similar attorneys' work of comparable skill,
experience and reputation……………………………...20

D.    Class Counsel's costs were necessarily and reasonably incurred…...22

E.    Class Representative Frank requests a reasonable service award…..23

III.    CONCLUSION…………………………………………………………24

### TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Arthur v. Sallie Mae, Inc.*,
No. 10-CV-00198-JLR, 2012 WL 4076119 (W.D. Wash. Sept. 17, 2012)..22

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - *ii*

*Barovic v. Ballmer*, No. C14-0540 JCC, *et al.*, 2016 WL 199674 (W.D. Wash. Jan. 13, 2016)……………………………………………...…….23

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245, (N.D. Cal. 2015)………………………………..……..21

*Bronzich v. Persels & Assocs., LLC*,
    No. CV-10-00364-TOR (E.D. Wash. Jan. 25, 2013)………………………21

*Brown v. Consumer Law Assoc., LLC*,
    No. 11-CV-0194-TOR, 2013 WL 2285368 (E.D. Wash. May 23, 2013)…...........................................................................................9,21

*Bund v. Safeguard Properties, Inc.*,
    2018 WL 5112642 (W.D. Wash. Oct. 19, 2018)…………………….......13

*Byles v. Ace Parking Mgmt., Inc.*,
    No. C16-0834-JCC, 2019 WL 3936663 (W.D. Wash. Aug. 20, 2019……..15

*Carideo v. Dell, Inc.*,
    No. 2:06-CV-01772 JLR (W.D. Wash. Dec. 17, 2010)……………………23

*Cavnar v. BounceBack, Inc.*,
    No. 2:45-CV-235-RMP (E.D. Wash. Sept. 15, 2015)……………………..11

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
    No. CV 12-8499-JGB, 2016 WL 1375838 (C.D. Cal. Apr. 4, 2016)……...22

*Dang v. Cross*,
    422 F.3d 800 (9th Cir. 2005)………………………………………......20

*Dennings v. Clearwire Corp.*,
    No. C10-1859 JLR, 2013 WL 1858797 (W.D. Wash. May 3, 2013)…........9

*Desio v. Emercon Elec. Co.*,
    No. 2:15-CV-00346-SMJ, ECF No. 84 (E.D. Wash. Feb. 7, 2018)………..14

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - *iii*

*Forbes v. Am. Bldg. Maint. Co. W.*,
    170 Wn.2d 157 (2010)……………………………………………………..13

*Gonzalez v. City of Maywood*,
    729 F.3d 1196 (9th Cir. 2013)……………………………………………20

*Hopkins v. Stryker Sales Corp.*,
    No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013)……..22

*Hughes v. Microsoft Corp.*,
    C98-1646C (W.D. Wash. 2009)……………………………………...…24

*Ikuseghan v. Multicare Health Sys.*,
    2016 WL 4363198 (W.D. Wash. Aug. 16, 2016)………………...……..13

*In re Ampicillin Antitrust Litig.*,
    526 F. Supp. 494 (D.D.C. 1981)……………………………………………9

*In re Activision Secs. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ……..………………………………9

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011)………………………………………8,10,16

*In re Coord. Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
    109 F.3d 602 (9th Cir. 1997)……………………………………………7

*In re GNC Shareholder Litigation: All Actions*,
    668 F.Supp. 450 (W.D.Penn.1987)……………………………………8

*In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3rd Cir. 1995)……………………………………………14

*In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir.
    2013…………………………………………………………………...4

*In re HQ Sustainable Maritime Indus., Inc. Derivative Litig.*,
    No. C11-910 RSL, 2013 WL 5421626(W.D. Wash. Sept. 26, 2013) ………9

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - *iv*

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000)……………………………………....11,24

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010)……………………………………...4,7

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008)……………………………..8

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015)…………………………………5,6,12

*In re Pac. Enters. Secs. Litig.*,
    47 F.3d 373 (9th Cir. 1995)………………………………………..8

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994)……………………………………..13

*Jenson v. First Tr. Corp.*,
    No. CV 05-3124 ABC, 2008 WL 11338161 (C.D. Cal. June 9, 2008)…….12

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*
    No. 16-CV-03698-NC, 2018 WL 2183253 (N.D. Cal. May 11, 2018)……17

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975)………………………………………..17,18

*Miller v. PSC, Inc.*,
    No. 3:17-CV-05864-RBL (W.D. Wash. Jan. 10, 2020)…………………..21

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008)……………………………………..18,19

*Paul, Johnson, Alston & Hunt v. Graulty*
    886 F.2d 268 (9th Cir.1989)………………………………………….8

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009)……………………………21,24

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - *v*

*Rinky Dink v. World Business Lenders, LLC,*
        No. 2:14-CV-0268-JCC (W.D. Wash. May 31, 2016)……………………..21

*Rodriguez v. w. Publ'g Corp.,*
        563 F.3d 948 (9th Cir. 2009)……………………………………………..23

*Seebrook v. Children's Place Retail Stores, Inc.,*
        No. C 11-837 CW, 2013 WL 6326487, at *2 ……………………………5,6

*Six {6} Mexican Workers v. Arizona Citrus Growers,*
        904 F.2d 1301 (9th Cir. 1990)……………………………………….8,15

*Staton v. Boeing Co.,*
        327 F.3d 938 (9th Cir 2003)……….…………………………………15

*Steiner v. Am. Broad Co., Inc.,*
        248 F. App'x 780 (9th Cir. 2007)……..………………………………16

*Trevino v. Gates,*
        99 F.3d 911 (9th Cir. 1996)……….…….……………………………20

*Van Vranken v. Atl. Richfield Co.,*
        901 F. Supp. 294 (N.D. Cal. 1995)……………………………………..17

*Veridian Credit Union v. Eddie Bauer LLC,*
        No. 2:17-CV-00356 JLR, 2019 WL 5536824 (W.D. Wash. Oct. 25, 2019).24

*Vizcaino v. Microsoft Corp.,*
        290 F.3d 1043 (9th Cir. 2002)…………………………………*Passim*

*Welch v. Metro. Life Ins. Co.,*
        480 F.3d 942 (9th Cir. 2007)…………………………………………20

**FEDERAL RULES & STATUTES**

Fed. R. Civ. P. 23…………………………………………………………...4

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - *vi*

1

## OTHER AUTHORITY

2

*Manual for Complex Litigation (Fourth 2004)* ("MCL") § 14.122……………………………………………………………………………..15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

# I.    INTRODUCTION

Consistent with the parties' Settlement Agreement, Class Representative Roberta Frank and Class Counsel request that the Court award combined attorneys' fees and costs of $150,000 and further approve a combined statutory damages and service award payment of $10,000 for Class Representative Frank. Ms. Frank and Class Counsel vigorously litigated this case for a substantial amount of time before negotiating a settlement that required Defendants to establish a settlement fund in the amount of $828,000 which will be used to issue Class Members' voucher payments, class administration costs, a Class Representative service award, and Class Counsel's attorneys' fees and costs. (ECF No. 53, ¶¶ 11-14). If the Court approves the settlement, and all Class Members participate, $618,000 in voucher payments will be distributed to no more than 10,300 class members resulting in a payment of $60.00 per Class Member. (ECF No. 53, ¶ 11).

Class Counsel has devoted a substantial number of hours to the prosecution of this case. (Miller Dec, ECF No. 59 ¶ 30, Ex. A). In addition, the fee request includes the amount in litigation costs that Class Counsel has incurred. (*Id*.). The requested $150,000 in combined attorneys' fees and costs is less than the commonly applied Ninth Circuit 25 percent benchmark. The combined statutory damages and service award payment Class Representative Frank seeks is reasonable given the recovery obtained and the risk undertaken. Accordingly,

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 1

1   Class Counsel and Ms. Frank request this Court grant their motion. Defendants do

2   not oppose this motion.

## II.    ARGUMENT AND AUTHORITY

**A.    Plaintiff and Class Counsel vigorously litigated on behalf of the Class.**

Since this case was filed in June of 2019, Ms. Frank and Class Counsel researched and investigated Defendants' corporate structures and business practices, engaged in extensive discovery, argued contested motions, and reviewed and analyzed documents and data to ascertain a reasonable range of damages. (ECF No. 53, ¶ 8). In February of 2020, the matter was stayed for the parties to engage in mediation with Honorable Frederick P. Corbit and Career Law Clerk Julia D. McGann of the U.S. Bankruptcy Court for the Eastern District. (*Id.* at ¶ 9). The parties' mediation efforts included extensive good faith, arm's length negotiations via Zoom, email, and telephone, and after several months, the parties were able to come to an amicable settlement of the matter. (*Id.*).

On December 27, 2021, this Court preliminarily certified a class of:

All persons residing in the State of Washington who received one or more unsolicited commercial Text Messages transmitted by or on behalf of C&G Defendants on or after June 22, 2015, and through the date this class is certified by the Court (December 27, 2021).

Excluded from the Settlement Class are (1) Defendants, and their immediate families (as applicable); (2) officers, members, partners, managers, directors, and employees of Defendants, and their respective immediate families; (2) legal counsel for all parties in the Action, and their immediate families; (3)

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 2

1

2

the presiding Judge in the Action, and any members of the Judge's staff and immediate family; and (4) all persons who validly request exclusion from the Settlement Class.

3

(ECF Nos., 52, 54).

4

**B.    Plaintiff and Class Counsel negotiated an outstanding settlement for Class members.**

5

6

Following extensive rounds of mediation with Honorable Frederick P.

7

Corbit and Career Law Clerk Julia D. McGann, the parties reached a class-wide

8

settlement agreement. (ECF No. 53, ¶ 9). The settlement required Defendants to

9

establish a settlement fund in the amount of $828,000 to pay Class Members, class

10

administration costs, a Class Representative service award, and Class Counsel's

11

attorneys' fees and costs. (ECF No. 53, ¶¶ 11-14). If the Court approves the

12

Settlement, and all Class Members make a valid claim, $618,000 will be divided

13

evenly by no more than 10,300 Class Members resulting in payments of $60 in

14

vouchers to each Class Member, which may be used on any products in the

15

Defendants' stores. (*Id*. at ¶ 11; ECF No. 53-1, at III.C.1.d.). Given the alleged

16

uncertainty of the claims and the guaranteed payment of a benefit to Class

Members who submit claims, the result is exceptional.

17

18

As part of the Settlement, Defendants agreed to not contest a service award

19

of $10,000 to Ms. Frank and Class Counsel's attorneys' fees and costs up to

20

/ / /

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 3

$150,000. (*Id*. at ¶¶ 13, 14). Defendants also agreed to pay all class administration costs under $50,000 which the parties are on track to accomplish. (*Id*. at ¶ 12).

Furthermore, through this litigation, Defendants have amended their text marketing practices to comply with CEMA and the TCPA. (ECF No. 59, ¶ 34).

**C.    Class Counsel requests a reasonable award of attorneys' fees and costs.**

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co*., 327 F.3d 938, 963 (9th Cir 2003) (quoting Fed. R. Civ. P. 23(e)). "The plain text of [Fed. R. Civ. P. 23(h)] requires that any class member be allowed an opportunity to object to the fee 'motion' itself."  *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-994 (9th Cir. 2010). Class Counsel are submitting their fee motion in advance of final approval, as required by *In re Mercury Interactive Corp.*, and will address any objections in their motion for final approval.

>    **1.    The Court should not consider the value of the vouchers redeemed in determining the reasonableness of Class Counsel's request for attorneys' fees because CAFA, 28 U.S.C. § 1711, does not apply to class settlements that offer vouchers for free products.**

*In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013) addressed the calculation of attorneys' fees in the context of a coupon settlement under

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 4

1    CAFA. The court held that "[i]f a settlement gives coupon and equitable relief, and

2    the district court sets attorneys' fees based on the value of the entire settlement,

3    and not solely on the basis of injunctive relief, then the district court must use the

4    value of the coupons redeemed when determining the value of the coupons part of

5    the settlement." *Id*. at 1184.

6        In *InkJet* "e-credits" in the amount of $2 to $6 dollars were determined to be

7    "coupons" and thus an award of attorneys' fees was subject to determining the

8    value of the coupons redeemed. *Id*. at 1177. In later Ninth Circuit cases, as CAFA

9    did not define the ambiguous term "coupon," the Ninth Circuit relied on CAFA's

10   legislative history to determine its meaning, and further, what constitutes a

11   "coupon settlement" subject to CAFA's attorney's fees scrutiny. *See In re Online*

12   *DVD-Rental Antitrust Litig.*, 779 F.3d 934, 950 (9th Cir. 2015). In doing so, the

13   Ninth Circuit determined that vouchers which allow class members to purchase

14   actual products (versus coupons that simply offer discounts on products) are not

15   "coupons" within the meaning of CAFA. *See Id*. at 951-52 (finding that settlement

16   which offered $12 Walmart gift cards to class members was not a "coupon

17   settlement" within CAFA because entire products could be obtained with the gift

18   cards, were not just a reduction in purchase price of an item, and did not require

19   class members to spend their own money); *see also Seebrook v. Children's Place*

20   *Retail Stores, Inc.,* No. C 11-837 CW, 2013 WL 6326487, at *2 (N.D. Cal. Dec. 4,

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 5

2013) (finding that a $10 merchandise certificate is not a coupon and thus does not trigger the provisions of 28 U.S.C. § 1712); *and Foos v. Ann, Inc*., 2013 WL 5352969 at * 3 (S.D. Cal. Sept. 24, 2013) (finding that a $15 voucher which allowed class members to obtain merchandise from the store was not a "coupon" and thus attorneys' fees request was not subject to 28 U.S.C. § 1712's scrutiny).

Here, a tangible monetary benefit is provided to the Class Members. Class Members who make valid claims will be entitled to a total of $60 in four separate $15 vouchers that can be used to purchase products in the Defendants' stores without any minimum purchase required and without limitation on which of Defendants' products that may be purchased. (ECF No. 53-1, at III.C; ECF No. 53, ¶ 11). Furthermore, Defendants' North Store advertises at least 150 different products priced at $15 or less. (ECF No. 59, ¶ 35). As such, the Class Members have a multitude of potential selections without having to pay any additional monies out-of-pocket. *See Seebrook,* No. C 11-837 CW, 2013 WL 6326487, at *2 (in holding that 28 U.S.C. § 1711 did not apply to the requested attorneys' fee award in that case, noting that a large amount of merchandise at that defendant's store was priced at equal to or less than the $10.00 voucher amount, as opposed to *Inkjet*, where nothing could be obtained on that defendant's website for the amount of "e-credits" given); *see also In re Online DVD-Rental Antitrust Litig*., 779 F.3d at 950 (9th Cir. 2015) (noting that $12 at Walmart, is still $12).

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 6

1    Accordingly, the Court should not analyze the reasonableness of Class

2    Counsel's attorney fee request based on the value of the vouchers actually

3    redeemed in this matter.

4    **2.  The percentage-of-the-fund method is the appropriate calculation for attorneys' fees in this case.**

5    When a coupon settlement under CAFA is not at issue, District courts have

6    discretion to use either the percentage-of-the-fund method or the lodestar method

7    to calculate a reasonable attorneys' fee from a common fund established by a class

8    action settlement. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir.

9    2002); *In re Mercury Interactive Corp. Sec. Litig*., 618 F.3d at 993-994. The

10   method a district court chooses to use, and its application of that method, must

11   achieve a reasonable result. *See In re Bluetooth Headset Prods. Liab. Litig.,* 654

12   F.3d 935, 942 (9th Cir. 2011) ("Though courts have discretion to choose which

13   calculation method they use, their discretion must be exercised so as to achieve a

14   reasonable result."). As the Ninth Circuit has instructed, "[r]easonableness is the

15   goal, and mechanical or formulaic application of either method, where it yields an

16   unreasonable result, can be an abuse of discretion." *In re Coord. Pretrial*

17   *Proceedings in Petroleum Prods. Antitrust Litig.,* 109 F.3d 602, 607 (9th Cir.

18   1997). Notwithstanding, the percentage-of-the-fund method is generally considered

19   the appropriate method for calculating fees when, as in this case, a common fund

20

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 7

1  has been created. *See, e.g., In re Bluetooth*, 654 F.3d at 942 ("Because the benefit

2  to the class is easily quantified in common-fund settlements, we have allowed

3  courts to award attorneys a percentage of the common fund in lieu of the often

4  more time-consuming task of calculating the lodestar."); *In re Omnivision Techs.,*

5  *Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (observing that "use of the

6  percentage method in common fund cases appears to be dominant" and discussing

7  its advantages over the lodestar method).

8  Under the percentage-of-recovery method, the attorneys' fees equal some

9  percentage of the common settlement fund; in this circuit, the benchmark

10  percentage is generally 25 percent. *In re Bluetooth Headset Prods. Liab. Litig*., 654

11  F.3d at 942; *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th

12  Cir.1989); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d

13  1301, 1311 (9th Cir. 1990) (citing *3 Newberg on Class Actions*, § 14.03 (20–30

14  percent is usual common fund award) and *In re GNC Shareholder Litigation: All*

15  *Actions*, 668 F.Supp. 450, 452 (W.D.Penn.1987) (awarding 25 percent attorneys'

16  fees from common settlement fund of over $2 million)).

17  Notwithstanding the 25 percent benchmark, Ninth Circuit courts have

18  routinely approved percentages larger than the benchmark. *See, e.g., In re Pac.*

19  *Enters. Secs. Litig*., 47 F.3d 373, 379 (9th Cir. 1995) (affirming an award equal to

20  33 percent of the common fund);  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454,

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 8

460, 463 (9th Cir. 2000) (affirming award of attorneys' fees equal to 33 percent of the total recovery); *Brown v. Consumer Law Assoc., LLC*, No. 11-CV-0194-TOR, 2013 WL 2285368, at *4 (E.D. Wash. May 23, 2013) (30 percent of the common fund);   *In re HQ Sustainable Maritime Indus., Inc. Derivative Litig., No. C11-910 RSL*, 2013 WL 5421626, at *3 (W.D. Wash. Sept. 26, 2013) (30 percent of the common fund); *In re Activision Secs. Litig.,* 723 F. Supp. 1373, 1379 (N.D. Cal. 1989) (32.8 percent); *In re Ampicillin Antitrust Litig*., 526 F. Supp. 494, 500 (D.D.C. 1981) (45 percent of $7.3 million settlement fund); *Dennings v. Clearwire Corp*., No. C10-1859JLR, 2013 U.S. Dist. LEXIS 64021 (W.D. Wash. May 3, 2013) (35.78 percent fee).

This holds true even in instances where the class recovery runs into the millions of dollars. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463 (confirming award of 33.33 percent of the $1.75 million recovery); *Brown v. Consumer Law Assoc., LLC*, No. 11-CV-0194-TOR, 2013 WL 2285368, at *4 (awarding 30 percent of the $1.15 million common fund); *In re Activision Secs. Litig.,* 723 F. Supp. at 1379 (awarding 32.8 percent in fees and expenses of the near $4.75 million settlement).

Here, the percentage-of-the-fund method is the appropriate method for determining a reasonable fee in this case. The benefit to the class is easily quantified. Class Counsel's efforts resulted in a $828,000 common fund, which

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 9

1  will be distributed to all Class Members who submit valid claim forms, and

2  includes all administration expenses, Court-approved attorneys' fees and costs, and

3  a Court-approved service award. (ECF No. 53, ¶¶ 11-14).

4      **3. A fee award below the Ninth Circuit's benchmark of 25 percent of**
         **the Settlement Fund will fairly compensate Class Counsel for their**
5        **work on behalf of the Settlement Class.**

6      As noted above, The Ninth Circuit has instructed that 25 percent is "a proper

7  benchmark figure," with common fund fees typically ranging from 20 to 30

8  percent of the fund." *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust*

9  *Litig.,* 109 F.3d 602, 607 (9th Cir. 1997) (citation omitted). A district court must

10  "adequately explain" the special circumstances justifying departure from the 25

11  percent benchmark. *In re Bluetooth*, 654 F.3d at 942. The 25 percent benchmark is

12  the starting point for the analysis, and the percentage may be adjusted up or down

13  based on the court's consideration of "all of the circumstances of the case."

14  *Vizcaino*, 290 F.3d at 1048. The relevant circumstances include (1) the results

15  achieved for the class, (2) the risk counsel assumed, (3) the skill required and the

16  quality of the work, (4) the contingent nature of the fee, (5) whether the fee is

17  above or below the market rate, and (6) awards in similar cases. *Id*. at 1048–50.

18  Consideration of "the circumstances of the case," *Vizcaino*, 290 F.3d at 1048,

19  confirms that an award at the 25 percent benchmark is appropriate.

20  / / /

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 10

Awarding the 25 percent benchmark rate ensures that attorneys are not penalized for efficient litigation on meritorious claims.

### a.  Class Counsel achieved an excellent result for the class.

The Settlement Agreement requires Defendant to pay $828,000 into the Settlement Fund and all of the 10,300 Settlement Class Members who make valid claims will be entitled to compensation in the form of four $15 vouchers ($60 total). (ECF No. 53, ¶ 11). This recovery represents 12 percent of the assured total damages under CEMA the Court could award, meeting similar settlements approved by other courts. *Cavnar v. BounceBack, Inc*., No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015)[1] (approving settlement providing 15.6 percent of alleged unlawful collection fees paid by class members alleging FDCPA and Consumer Protection Act violations); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459 (affirming the district court's approval of a settlement estimated to be worth between 16.67 and 50 percent of class members' estimated losses). The amount of recovery per class member is also not affected by Class Counsel's request for attorneys' fees and the Class Representative's request for an incentive

/ / /

---

[1] Attorney Kirk D. Miller was one of the appointed Class Counsel in this case. In order to facilitate the settlement, all plaintiff attorneys on this case accepted approximately ½ of Lodestar attorney fees.

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 11

1    award, as Defendant has agreed to pay those awards in their requested amounts if

2    approved by the Court. (ECF No. 53, ¶¶ 12-14).

3              **b. Class Counsel assumed significant risk in prosecuting this action**
                  **for nearly three (3) years.**

4              Class Counsel's fee request reflects that the case was risky and handled on a

5    contingency basis. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 954-55.

6    Class Counsel invested hundreds of hours of work into the case over for nearly

7    three years and also advanced significant litigation costs. (ECF No. 53, ¶ 8; ECF

8    No. 59, ¶ 30, Ex. A); *Vizcaino*, 290 F.3d at 1048; *see also Jenson v. First Tr.*

9    *Corp.*, No. CV 05-3124 ABC, 2008 WL 11338161, at *12 (C.D. Cal. June 9, 2008)

10   ("Uncertainty that any recovery ultimately would be obtained is a highly relevant

11   consideration. Indeed, the risks assumed by Counsel, particularly the risk of non-

12   payment or reimbursement of expenses, is important to determining a proper fee

13   award.") (internal citation omitted).

14             Class Counsel represented Plaintiff and the Class entirely on a contingent

15   basis. (ECF No. 60, ¶ 6; ECF No. 59, ¶ 27; ECF No. 61, ¶ 9). Courts recognize that

16   awarding contingent fees that often exceed fees for services provided on a non-

17   contingent basis is necessary to encourage counsel to take on plaintiffs' cases who

18   otherwise could not afford to pay hourly fees. *In re Wash. Public Power Supply*

19   *Sys. Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). Here, as in many consumer

20

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 12

class actions, there was also a very real risk that Class Counsel would not recover their fees and costs at all. *See Bund v. Safeguard Properties, Inc.,* 2018 WL 5112642 (W.D. Wash. Oct. 19, 2018) (class action case decertified and dismissed after years of litigation, without attorneys receiving any fees).

### c. Class Counsel produced high quality work reflecting their skill and experience.

Class Counsel proceeded with a novel CEMA claim under Washington law with extremely limited case law and statutory guidance. Class Counsel pioneered this cause of action to represent a class of litigants who are historically underserved and whose individual damages would likely not inspire many other attorneys in this region to meet with them, much less consider representing them. Class Counsels' skill and experience allowed them to gather the evidence necessary to apply pressure on Defendants to settle this case for $828,000.

### d. Class Counsel's requested fee is at the market rate and consistent with awards in similar consumer cases.

The Ninth Circuit consistently approves a 25 percent benchmark for awarding attorney's fees and costs out of common funds. *Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 260 (N.D. Cal. 2015); *see also e.g.*, *Forbes v. Am. Bldg. Maint. Co. W.,* 170 Wn.2d 157, 161–66, 240 P.3d 790 (2010) (40 percent contingency fee based on the $5 million settlement was fair and reasonable); *Ikuseghan v. Multicare Health Sys*., 2016 WL 4363198 (W.D. Wash. Aug. 16,

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 13

2016) (awarding 30 percent of common fund); *Vizcaino,* 290 F.3d at 1047

(affirming award of 28 percent of the common fund by United States District Court

for the Western District of Washington); *Desio v. Emercon Elec. Co.,* No. 2:15-

CV-00346-SMJ, ECF No. 84 (E.D. Wash. Feb. 7, 2018) (awarding 25 percent of

the common fund).

Here, Plaintiff and Class Counsel request combined attorneys' fees and costs

totaling $150,000. (ECF No. 53, ¶ 14). As the total recovery to the class is

$828,000, Class Counsel's requested $150,000 attorneys' fees and costs award is

below the Ninth Circuit's 25 percent benchmark, and less than amounts typically

awarded in similar cases. (*Id.*).

### 4. The lodestar method as a cross-check illustrates that Class Counsel's request for attorneys' fees is reasonable.

One way that a court may demonstrate that its use of a particular method or

the amount awarded is reasonable is by conducting a cross-check using the other

method. For example, a cross-check using the lodestar method "can confirm that a

percentage of recovery amount does not award counsel an exorbitant hourly rate."

*Bluetooth,* 654 F.3d at 945 (quoting *In re Gen. Motors Corp. Pick–Up Truck Fuel*

*Tank Prods. Liab. Litig.,* 55 F.3d 768, 821 n. 40 (3rd Cir. 1995)).

The lodestar method may be employed where, a fee-shifting statute

authorizes "the award of fees to ensure compensation for counsel undertaking

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 14

1  socially beneficial litigation." *Bluetooth,* 654 F.3d at 941. Here, one of the

2  preliminarily certified claims arises under a statute that provides for fee-shifting to

3  encourage litigation in the public interest. *See* RCW 19.86.090.

4      The Ninth Circuit also recognizes that the lodestar method is appropriate

5  "when special circumstances indicate that the percentage recovery would be either

6  too small or too large in light of the hours devoted to the case or other relevant

7  factors." *Six {6} Mexican Workers,* 904 F.2d at 1311. "Under the

8  lodestar/multiplier method, the district court first calculates the 'lodestar' by

9  multiplying the reasonable hours expended by a reasonable hourly rate." *In re*

10 *Wash. Pub. Power,* 19 F.3d at 1295 n.2; *see also Staton*, 327 F.3d at 965. "There is

11 a 'strong presumption' that the lodestar figure represents the reasonable fee." *Byles*

12 *v. Ace Parking Mgmt., Inc.,* No. C160834-JCC, 2019 WL 3936663, at 1 (W.D.

13 Wash. Aug. 20, 2019).

14     If circumstances warrant, the court may adjust the lodestar to account for

15 other factors which are not subsumed within it. *Staton*, 327 F.3d at 965 & n.17.

16 Upward adjustments may be appropriate "to account for several factors, including

17 … the quality of the representation, the benefit obtained for the class, the

18 complexity and novelty of the issues presented, the risk of nonpayment, and any

19 delay in payment." *Manual for Complex Litigation (Fourth* 2004*)* ("MCL") §

20

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 15

14.122, p. 195-96; *see also In re Bluetooth*, 654 F.3d at 942. The lodestar-multiplier method confirms the propriety of the requested fee in this matter.

Class Counsel have submitted detailed declarations and time records with this motion. The time records include the number of hours worked, the work performed, and the attorney or staff member who performed the work. Because the case is not yet concluded, the total time spent by counsel to resolve this case will continue to increase. (ECF No. 59, ¶ 31; ECF No. 60, ¶ 12). As Class Counsel's time records show, Class Counsel has already spent over 300 hours litigating this matter on a contingent basis to this point. (ECF No. 60, ¶ 6; ECF No. 59, ¶¶ 27, 30, Ex. A; ECF No. 61, ¶ 9). These hours, multiplied by the attorneys' and staff members' usual hourly rates, result in a lodestar of $140,105, prior to any multiplier, and prior to more than $16,000 in additional anticipated time to bring this matter to final approval. (ECF No. 60, ¶ 12, ECF No. 59, ¶ 27).

### a. Class Counsels' fee request is reasonable compared to the Lodestar calculation.

In the Ninth Circuit, multipliers "ranging from one to four are frequently awarded." *Vizcaino*, 290 F.3d at 1051 n.6. Courts find higher multipliers appropriate when using the lodestar method as a cross-check for an award based on the percentage method. *See, e.g., Steiner v. Am. Broad Co., Inc.*, 248 F. App'x 780, 783 (9th Cir. 2007) (finding a multiplier of approximately 6.85 to be "well within

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 16

the range of multipliers that courts have allowed" when cross-checking a fee based on a percentage of the fund); *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 298-99 (N.D. Cal. 1995) (finding that a multiplier of 3.6 was "well within the acceptable range" and explaining that "[m]ultipliers in the 3-4 range are common"); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc., No. 16-CV-03698-NC,* 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018) (finding a 4.375 multiplier to be reasonable in cross-checking a fee of 25 percent of a settlement fund). Here, Class Counsel requests an adjustment from Lodestar (3.64 multiplier) less than the Ninth Circuit's 4x benchmark, which makes the fee request presumptively reasonable.

Courts may consider the following factors when assessing the reasonableness of a multiplier: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975); *see also*

*Vizcaino*, 290 F.3d at 1051 (noting that the district court found a 3.65 multiplier to be reasonable after considering the factors in *Kerr*).

Here, Class Counsel, as a lodestar crosscheck to the reasonableness of their requested fee, do not need a multiplier applied to their lodestar to reach the combined requested amount of attorney's fees and costs of $150,000.

> **b.  Class Counsel expended a reasonable number of hours litigating this case.**

The more than 300 hours Class Counsel has devoted to investigation, discovery, motion practice, and achieving a favorable settlement are reasonable. *See Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). Class Counsel spent a substantial amount of time litigating Plaintiff's claims in this lawsuit. (ECF No. 53, ¶¶ 8, 9). These efforts included investigating Defendants' corporate structures and business practices, engaging in extensive discovery, arguing contested motions, reviewing and analyzing documents and information and data to ascertain a reasonable range of damages, and participating in lengthy negotiations and mediation. (*Id*.).

Negotiating a settlement that provides Class Members with significant monetary compensation required considerable effort. Class Counsel prepared for

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 18

1   the formal mediation by compiling damages models from Defendant's available

2   data and preparing argument for Plaintiff's claims. Negotiations continued for an

3   extended period of time after formal mediation. (ECF No. 53, ¶ 9). The parties

4   ultimately agreed to a Settlement that required Defendants to establish a settlement

5   fund in the amount of $828,000, which will be used to pay the class members,

6   class administration costs, a Class Representative service award, and Class

7   Counsel's attorneys' fees and costs, and further, will ensure Defendants comply

8   with applicable text marketing laws going forward. (ECF No. 53, ¶¶ 11-14).

9        A court may reduce the overall number of hours only when it specifically

10  finds that the work was "unnecessarily duplicative." *Moreno,* 534 F.3d at 1113.

11  "One certainly expects some degree of duplication as an inherent part of the

12  process. There is no reason why the lawyer should perform this necessary work for

13  free." *Id.* at 1112. Courts are particularly reluctant to reduce hours for duplication

14  where, as here, counsel worked on a contingency fee basis. *Id.* As the Ninth Circuit

15  noted, "lawyers are not likely to spend unnecessary time on contingency cases in

16  the hope of inflating their fees. The payoff is too uncertain, as to both the result

17  and the amount of the fee." *Id.* Thus, "[b]y and large, the court should defer to the

18  winning lawyer's professional judgment as to how much time was required to

19  spend on the case; after all, he won, and might not have, had he been more of a

20  slacker." *Id.*

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 19

1    Here, Class Counsel, in a wholly contingency fee case, exercised discretion

2    in their work performed so as to avoid expending unnecessary time litigating this

3    matter and inflating their fees.

4    **c. Class Counsel's rates are consistent with community rates for
     similar attorneys' work of comparable skill, experience, and
     reputation.**

5

6    In determining a reasonable rate, the court considers the "experience, skill

7    and reputation of the attorney requesting fees." *Trevino v. Gates,* 99 F.3d 911, 924

8    (9th Cir. 1996). Courts also look at the prevailing market rates in the relevant

9    community, which is the forum in which the district court sits. *Gonzalez v. City of*

10   *Maywood,* 729 F.3d 1196, 1205 (9th Cir. 2013). Courts approve rates that are

11   comparable to "the fees that private attorneys of an ability and reputation

12   comparable to that of prevailing counsel charge their paying clients for legal work

13   of similar complexity." *Welch v. Metro. Life Ins.* Co., 480 F.3d 942, 946 (9th Cir.

14   2007); *see also Dang v. Cross,* 422 F.3d 800, 813 (9th Cir. 2005) (hourly rates are

15   reasonable if they fall within the range of "prevailing market rates in the relevant

16   community" given "the experience, skill, and reputation of the attorney"). Courts

17   consider declarations from Class Counsel and fee awards in other cases as

18   evidence of prevailing market rates. *Welch,* 480 F.3d at 947.

19   The Eastern District, in cases involving consumer class actions from more

20   than eight years ago, approved contingent rates above the requested rates in this

matter. *Brown v. Consumer Law Assocs. LLC*, Case No. CV-11-0194-TOR, ECF Nos. 211, 212 & 227 (approving rates up to $540); *Bronzich v. Persels & Assocs., LLC*, Case No. CV-10-00364-TOR (E.D. Wash. Jan. 25, 2013), ECF Nos. 296, 297 & 311 (approving rates up to $530).

In the Western District, courts have regularly approved as reasonable hourly rates billed by attorneys up to $650, paralegals up to $185, and litigation staff up to $125. *See, e.g., Pelletz,* 592 F. Supp. 2d at 1326 (finding attorney fee rates for partners of $575, $660, $760, and $800 per hour to be reasonable); Final Approval Order and Final Judgment at 7, *Miller v. PSC, Inc.,* No. 3:17-CV-05864-RBL (W.D. Wash. Jan. 10, 2020), ECF No. 75 (approving partner rates of $400-$550 per hour, associate rate of $325 per hour, paralegal rate of $175, and litigation staff rate of $125 per hour); *Rinky Dink v. World Business Lenders, LLC,* No. 2:14-CV-0268-JCC (W.D. Wash. May 31, 2016), ECF No. 92 at 7-8 (approving partner rates of $500-$650 per hour, associate rates of $250-$400 per hour, paralegal rate of $250, and litigation staff rates of $100-$200).

Class Counsel's hourly rates of $450-$525, paralegals at $150, and $90 for litigation staff are well within, if not below, the prevailing market range. (ECF No. 60, ¶ 10, ECF No. 59, ¶ 23, ECF No. 61, ¶ 11). Class Counsel have provided the Court with declarations describing the basis for their hourly rates, including their education, legal experience, and reputation in the legal community. (ECF Nos. 59,

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 21

60 and 61). Class Counsel sets the rates for attorneys and staff members based on a variety of factors, including the experience, skill and sophistication required for the types of legal services typically performed, the rates customarily charged in the market, and the experience, reputation and ability of the attorneys and staff members. (ECF No. 61, ¶ 12, ECF No. 59, ¶ 24, ECF No. 60, ¶ 10). Because their rates are in line with contingent rates approved in this district, Class Counsel's hourly rates are reasonable.

**D.    Class Counsel's costs were necessarily and reasonably incurred.**

Class Counsel's fee request includes reimbursement of $1,475 in litigation costs expended in litigating this case. (ECF No. 59, ¶ 30, Ex. A). As courts in this circuit have recognized, "[t]he Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlement. Reimbursement of reasonable costs is fully in keeping with applicable law." *Arthur v. Sallie Mae, Inc.,* No. 10-CV-00198-JLR, 2012 WL 4076119, at 2 (W.D. Wash. Sept. 17, 2012) (internal citations omitted); *see also Corson v. Toyota Motor Sales U.S.A., Inc.,* No. CV 12-8499-JGB, 2016 WL 1375838, at 9 (C.D. Cal. Apr. 4, 2016) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable"); *Hopkins v. Stryker Sales Corp.,* No. 11-CV-02786-LHK, 2013 WL

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 22

1   496358, at 6 (N.D. Cal. Feb. 6, 2013) (awarding costs for document review,

2   depositions, and experts). Class Counsel provided the Court with a chart listing

3   their costs by category. (ECF No. 59, ¶ 30, Ex. A).

4   **E.      Class Representative Frank requests a reasonable service award.**

5          Service awards are "fairly typical in class actions." *Barovic v. Ballmer,* Nos.

6   C14-0540 JCC, *et al.,* 2016 WL 199674, at 5 (W.D. Wash. Jan. 13, 2016) (citation

7   omitted). They "are intended to compensate class representatives for work done on

8   behalf of the class, to make up for financial or reputational risk undertaken in

9   bringing the action, and, sometimes, to recognize their willingness to act as a

10  private attorney general." *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 958-59 (9th

11  Cir. 2009). Service awards "help promote the public policy of encouraging

12  individuals to undertake the responsibility of representative lawsuits." *Byles,* 2019

13  WL 3936663, at 2.

14         The criteria courts consider when determining whether to make an incentive

15  award and the amount of the award include the risk to the class representative, both

16  financial and otherwise, the notoriety and personal difficulties encountered by the

17  class representative, the amount of time and effort spent, the duration of the

18  litigation, and the personal benefit enjoyed by the class representative as a result of

19  the litigation. *Carideo v. Dell, Inc.,* No. 06-CV-01772-PET, 2010 WL 11530555,

20  at 3 (W.D. Wash. Dec. 17, 2010).

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 23

Class Representative Frank requests a combined statutory damage and service award payment of $10,000 in recognition of her service to the Class. (ECF 37, ¶ 15). Ms. Frank assisted in investigating the Defendants' practices, drafting the complaint, and participated extensively with Class Counsel in negotiating an agreed settlement in this matter. (ECF No. 53, ¶ 13).

Her requested service award is on par with those commonly awarded in the Ninth Circuit. *See, e.g., Hughes v. Microsoft Corp.,* C98–1646C, 93–0178C, 2001 WL 34089697, at *12–*13 (W.D. Wash. Mar. 26, 2001) (approving incentive awards of $7,500, $25,000, and $40,000); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1330 (W.D. Wash. 2009) (awarding $7,500 payments to four different class representatives); *Veridian Credit Union v. Eddie Bauer LLC,* No. 2:17-CV-00356 JLR, 2019 WL 5536824, at 3 (W.D. Wash. Oct. 25, 2019) (approving service award of $10,000); *In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 457, 463 (9th Cir. 2000) (District Court did not abuse its discretion in awarding $5,000 incentive payments to multiple class representatives where a $1.725 million common fund was created).

### III.    CONCLUSION

For the foregoing reasons, Class Representative Frank and Class Counsel requests the Court to grant their motion, to be determined at the Final Fairness hearing set for April 12, 2022, at 10:00 a.m.

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 24

RESPECTFULLY SUBMITTED and DATED this 26th day of January 2022.

KIRK D. MILLER, P.S.

s/ *Kirk D. Miller*
Kirk D. Miller, WSBA #40025

CAMERON SUTHERLAND, PLLC

s/ *Shayne J. Sutherland*
Shayne J. Sutherland, WSBA #44593
Brian G. Cameron, WSBA #44905

*Attorneys for Plaintiff and Class*

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 25

# CM/ECF CERTIFICATE OF SERVICE

I certify that on January 26, 2022, I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. Pursuant to their ECF Agreement, the Clerk will send notice of this filing to the following person(s) as follows:

John S. Devlin, III
devlinj@lanepowell.com                   Attorneys for Defendant Cannabis & Glass
                                         NXNW Retail & Tate Kapple

Taylor Washburn
washburnt@lanepowell.com                 Attorneys for Defendants Cannabis & Glass,
                                         NXNW Retail & Tate Kapple

Kirk D. Miller
kmiller@millerlawspokane.com             Attorney for Plaintiff and Class

Brian G. Cameron
bcameron@cameronsutherland.com           Attorney for Plaintiff and Class

Shayne J. Sutherland
ssutherland@cameronsutherland.com        Attorney for Plaintiff and Class

                                         s/ *Teri A. Brown*
                                         Teri A. Brown, Paralegal

PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARD - 26