1  KIRK D. MILLER, WSBA #40025
   Kirk D. Miller, PS
2  421 W. Riverside Avenue, Ste. 660
   Spokane, WA  99201
3  (509) 413-1494 Telephone
   kmiller@millerlawspokane.com
4
   SHAYNE J. SUTHERLAND, WSBA #44593
5  BRIAN G. CAMERON, WSBA #44905
   Cameron Sutherland, PLLC
6  421 W. Riverside Avenue, Ste. 660
   Spokane, WA  99201
7  (509) 315-4507 Telephone
   ssutherland@cameronsutherland.com
8  bcameron@cameronsutherland.com

9  *Attorneys for Plaintiff and Class*

10              **IN THE UNITED STATES DISTRICT COURT**
                 **EASTERN DISTRICT OF WASHINGTON**
11

12  ROBERTA FRANK, an individual, and )
    all others similarly situated,      )
13                                      )  Case No.:  2:19-CV-0250-SAB
                       Plaintiff,       )
14                                      )  **PLAINTIFF'S UNOPPOSED**
             vs.                        )  **MOTION FOR FINAL APPROVAL**
15                                      )  **OF CLASS SETTLEMENT**
    CANNABIS & GLASS, LLC, a            )
16  Washington limited liability company; )  **Hearing Date: April 12, 2022**
    NXNW Retail, LLC, a Washington      )  **Time: 10:00 a.m.**
17  limited liability company; and TATE )
    KAPPLE and his marital community,   )
18                                      )
                       Defendants.      )
19                                      )
    _____)
20

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................1

II.  FACTS AND EVIDENCE RELIED UPON........................................................2

III.  AUTHORITY AND ARGUMENT....................................................................5

    A.  The Notice Program Was Completed and Is Constitutionally Sound......5

    B.  The Settlement is Fair, Reasonable, and Adequate ................................7

        1.  The Settlement is the product of informed and non-collusive
           negotiations…………………………………………………..………8

        2.  The Settlement Agreement is fair, reasonable, and adequate……….10

           a.  The Amount Offered in Settlement……………………………10

           b.  Fairness of Settlement in Light of Risks…………………………11

           c.  Length and Expense of Continued Litigation……………………12

           d.  The Extent of Discovery Completed and the Stage of the
              Proceedings…………………………………………………13

           e.  The Experience and Views of Counsel…………………………..14

           f.  The Reaction of Settlement Class Members……………………..14

           g.  The Presence of a Governmental Participant……………………15

    C.  The Settlement Agreement Should Be Finally Approved ......................15

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

D. Class Counsel's Requests for Fees, Costs, and Service Award Should Be Granted and P&N Should Proceed to Distribute the Settlement Fund in Accordance with the Settlement Agreement…………………….….. 16

IV. CONCLUSION................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988 (9th Cir. 2010*)*...............7

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) ................................. 7,8,9

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009)...................................8

*Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016). .........................................................................8

*Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001.........................................................................8

*Garner v. State Farm Auto Ins. Co.,* No. CV 08 1365 CW (EMC, 2010 WL 1687832, (N.D. Cal. April 22, 2010) .......................................................15

*Pelletz v. Weyerhaeuser Co., 255 F.R.D.* 537 (W.D. Wash. 2009).....................9,14

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553 (W.D. Wash. 2004) ........................................................................................9

*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007) ...............9,11

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979).................................9

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ...............10

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2001) ...........................11

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982*)* .......11,12

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016)……………………………………………13

*Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) .......................................................................15

**Statutes**

28 U.S.C. § 1715……………………………………………….........15

**Rules**

Fed. R. Civ. P. 23(e)……………………………..…………………...2,5
Fed. R. Civ. P. 23(h)……………………………………………..7

**Other Rules/Regulations**

Manual For Complex Litigation (Third) § 30.41………………………………..7

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

# I.    INTRODUCTION

Plaintiff and Class Counsel have achieved an excellent result for the Settlement Class and believe the Settlement is fair, adequate, and reasonable. The response of Settlement Class Members[1] to the Settlement demonstrates their agreement. The deadline for Settlement Class Members to object or exclude themselves has now passed. None of  the 8,516 Class Settlement Members who received direct notice objected. (ECF No. 65, ¶¶ 11, 15; ECF No. 64, ¶ 3). Further, none of the 8,516 Class Settlement Members requested exclusion from the Settlement. (ECF No. 65, ¶ 14; ECF No. 64, ¶ 3).

The Notice Program implemented by Class Administrator Postlethwaite & Netterville, APAC, ("P&N") was effective and satisfies due process. A total of 8,516 (82.99%) of the potential 10,261 Settlement Class Members received direct notice of the Settlement through text message. (ECF No. 65, ¶ 11). 481 of those Settlement Class Members (5.6%) made valid claims, and accordingly will

---

[1] Terms capitalized herein are done so for purposes of consistency with defined terms in the parties' settlement agreement.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 1

receive $60.00 in voucher payments to redeem in-store. (ECF No. 65, ¶ 13; ECF No. 64, ¶ 4).

As a result of this litigation, in addition to the monetary compensation provided to the Settlement Class Members, Defendants have also changed their text marketing practices to fully comply with CEMA and the TCPA. (ECF No. 59, ¶ 33). Given the Settlement's substantial monetary and non-monetary relief, the proposed Settlement is fair, reasonable, and adequate.

As the requirements of Fed. R. Civ. P. 23(e) and (h) are satisfied, Plaintiff requests that the Court grant final approval of the Settlement by: (A) determining that adequate notice was provided to the Settlement Class; (B) determining the Settlement was fair, adequate, and reasonable; (C) finally approving the Settlement Class; and (D) approving Class Counsel's request for $150,000 in combined attorneys' fees, a service award of $10,000 to Class Representative Frank, and directing P&N to distribute the Settlement Fund in accordance with the Settlement Agreement.

## II.    FACTS AND EVIDENCE RELIED UPON

On December 27, 2021, this Court granted Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement reached between Plaintiff

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 2

Roberta Frank and Defendants. (ECF No. 54). The Settlement required Defendants to pay to disburse a total of up to $618,000 in $60.00 voucher payments to each participating Settlement Class Member. (ECF No. 53, ¶ 11). The Settlement also required Defendants to pay up to $50,000 to cover Settlement administration costs and awards up to a $150,000 in attorneys' fees and costs and $10,000 in an incentive award to Plaintiff as approved by the Court. (*Id*. at ¶¶ 12-14).

The Settlement Administrator caused Notice to be delivered via text message to all Settlement Class Members with deliverable phone numbers. (ECF No. 65, ¶¶ 5, 6). The deadline for Settlement Class Members to object or exclude themselves from the Settlement has passed. (ECF No. 54; ECF No. 65, ¶ 13). None of the Settlement Class Members objected to the Settlement Agreement. (ECF No. 65, ¶ 15). Further, no Settlement Class Members excluded themselves from the Settlement. (*Id*. at 14).

Class Counsel filed their Motion for Award of Attorneys' Fees, Costs, and Service Award to the Class Representative in accordance with the deadlines set forth in the Court's Preliminary Approval Order. (ECF Nos. 58-61). No Settlement Class Member objected to the amounts requested for attorneys' fees, costs or the Class Representative incentive award. (ECF No. 65, ¶ 14; ECF No. 64, ¶ 3).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 3

This Motion relies upon the following pleadings and evidence previously filed with this Court:

1. ECF No. 52 (Plaintiff's Unopposed Motion and Memorandum in Support of Motion for Preliminary Approval of Class Settlement);

2. ECF No. 53 ( Declaration of Kirk D. Miller in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement);

3. ECF No. 58 (Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award);

4. ECF No. 59 (Declaration of Kik D. Miller in Support of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award);

5. ECF No. 60 (Declaration of Shayne J. Sutherland in Support of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award); and

6. ECF No. 61 (Declaration of Brian G. Cameron in Support of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award).

This Motion also relies on the following declarations filed concurrently with this motion: (1) ECF No. 64, Declaration of Shayne J. Sutherland in Support of Plaintiff's Motion for Final Approval of Settlement; and (2) ECF No. 65; and the Declaration of the Settlement Administrator, Project Manager, Ryan Aldridge.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 4

Plaintiff incorporates the factual statements included in her memorandum in support of her motion for preliminary approval of the Settlement (ECF No. 52).

## III.    AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure 23(e) requires the Court to direct notice in a reasonable manner to Class Members bound by the Settlement and to determine whether the Settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)-(2).

**A.    The Notice Program Was Completed and Is Constitutionally Sound**

This Court previously approved the Notice Program proposed by the parties finding that it preliminarily met the requirements of due process and applicable law, provided the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals entitled thereto. (ECF No. 54).

After the Court entered the Preliminary Approval Order, P&N executed the Notice Program. (ECF No. 65, ¶¶ 5-13). Defendants provided P&N with a data file containing 10,261 unique phone number records. (*Id*. at ¶ 5). From Defendants' records, P&N was able to send 10,261 Text Message Notices, resulting in 8,516 or 82.99% of Class Members receiving direct notice. (*Id*. at ¶¶ 6, 11).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 5

The Text Message Notice included the web address to the Settlement Website for access to additional information about the Settlement, rights and options as a Class Member, the dates by which to act on those options, the date and location of the Final Approval hearing, relevant pleadings regarding the Settlement including motions and supporting pleadings for preliminary approval and attorneys' fees, costs and service awards, instructions for how Settlement Class Members could opt-out or object to the Settlement, and the online claim form. (*Id.* at ¶¶ 6, 8).

P&N established a Settlement Post Office Box ("P.O. Box") to serve as a location for the USPS to return undeliverable program mail to P&N and for Settlement Class Members to submit Claim Forms, Exclusion Request Forms, and other settlement related correspondence. (*Id.* at ¶ 7). The P.O. Box address appeared prominently in the long-form Website Notice and in multiple locations on the Settlement Website. (*Id.*)  P&N also established a toll-free number as well as an email address where Settlement Class Members could learn information about the Settlement as well as have specific inquiries about the Settlement addressed. (*Id.* at ¶¶ 9, 10).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 6

Further, Class Counsel's Motion for Award of Attorneys' Fees, Costs, and Service Award was filed with the Court and posted on the Settlement Website at least thirty (30) days before the deadline for Class Members to object to the Settlement (ECF No. 65, ¶ 8), satisfying the requirements of Rule 23(h). *See* Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010). Class Counsel filed their Motion for Award of Attorneys' Fees, Costs, and Service Award, and supporting declarations in connection with the Settlement on January 27, 2021. (ECF Nos. 58-61). No Settlement Class Members objected to Class Counsel's Motion. (ECF No. 65, ¶ 15; ECF No. 64, ¶ 3).

**B.    The Settlement is Fair, Reasonable, and Adequate**

When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015). Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's role in reviewing the substance of that settlement is to ensure that it is "fair, adequate, and free from

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 7

collusion." *Hanlon*, 150 F.3d at 1026. Here, the parties engaged in arm's-length, non-collusive negotiations to reach the Settlement Agreement. Moreover, all factors that courts consider when evaluating settlements indicate that it is fair, reasonable, and adequate. Thus, the settlement should be approved.

### 1. The Settlement is the product of informed and non-collusive negotiations.

The Ninth Circuit puts "a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). "Arm's-length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016). Experienced, competent attorneys negotiated the settlement reached in this case. (ECF No. 53, ¶¶ 5, 9, 10; ECF No. 60, ¶¶ 7, 8). The parties, through counsel, engaged in extensive discussions over an extended period of time with the assistance of Honorable Frederick P. Corbit and Career Law Clerk Julia D. McGann of the U.S. Bankruptcy Court for the Eastern District, which ultimately resulted in the Settlement Agreement. (ECF No. 53, ¶ 9). Such negotiations are prima-facie evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.*,

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 8

No. C98-1646C, C93-0178C, 2001 WL 34089697, *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arms-length negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

Prior to the Settlement, Class Counsel spent a considerable amount of time engaging in investigation of Defendants' business practices and corporate structure, researching applicable law, written discovery, document review and analysis of data to ascertain a reasonable range of damages, and motion practice. (ECF No. 59, ¶ 32; ECF No. 59-1). *See also Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the absence of any evidence suggesting that the settlement was negotiated in haste or in the absence of information).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 9

### 2. The Settlement Agreement is fair, reasonable, and adequate.

To assess the fairness of a settlement, courts in the Ninth Circuit look at the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class Members to the proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9ᵗʰ Cir. 2015).

### a. The Amount Offered in Settlement

The Settlement Agreement requires the Defendants to pay $60 to each putative class member, in the form of vouchers, who make a valid claim and do not opt-out of class. (ECF No. 53, ¶ 11). If all vouchers were redeemed, total funds of $618,000 would be distributed to the Class Members. (*Id.*). In addition, Defendants agreed to pay for all class administration costs, attorneys' fees, and costs, and service award, up to maximum amounts set forth in the Settlement Agreement, and as approved by the Court. (*Id.* at ¶¶ 12-14).

Class Counsel considered that Class Members could have obtained a judgment for more than the amount of the Settlement had the case proceeded to trial.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 10

Class may have been able to obtain statutory damages up to $500 under CEMA. However, the reduction from the maximum statutory damages reflects that the case was not fully resolved on its merits, the risks of further litigation, Defendants' ability to pay, and the substantial delay in obtaining payments if the case proceeded to trial.

In addition, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not *per se* render the settlement inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2001) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982)) (approving a settlement estimated to be worth 16–50% of the plaintiffs' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d at 1042 (approving settlement amounting to 9% percent of estimated total damages).

Finally, to the best of Class Counsel's knowledge, through this litigation, Defendants amended their text marketing practices to fully comply with the TCPA and CEMA, providing a substantial non-monetary benefit to the class and public at large.  (ECF No. 59, ¶ 33).

### b.  Fairness of Settlement in Light of Risks

Plaintiff believes in the strength of her case, but was aware that, as with any lawsuit, she risked losing on the merits. Defendants consistently denied liability for

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 11

Plaintiff's claims and asserted twenty-five (25) affirmative defenses. (ECF No. 17). Absent this Settlement, Plaintiff would have had several hurdles to clear before resolution, including additional discovery, a contested class certification motion, dispositive motions to be filed by both parties, and ultimately trial and any appeal that followed. With this Settlement, Class Members avoid all of those risks and obstacles to recovery and will receive substantial benefits in a timely fashion.

### c. Length and Expense of Continued Litigation

Another factor in assessing the fairness of the proposed Settlement is the complexity, expense, and likely duration of this lawsuit had settlement not been achieved. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d at 625. Litigation would be lengthy and expensive if this action were to proceed. Although the parties had completed some discovery at the time they reached agreement, extensive motion work, including competing dispositive motions, remained. An appeal may have further delayed collection of any judgment in favor of Settlement Class Members.

The Settlement avoids these risks and provides immediate and certain relief. Moreover, Defendants expressed every intention of vigorously defending this action, absent the Settlement. (ECF No. 5; ECF No. 17). Class Counsel has a significant amount of experience in consumer individual and class actions and know from their

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 12

own experience that any case involving a class of consumers can, and often does, lead to costly litigation that goes on for years, with occasionally, those cases resulting in limited or no success. (ECF No. 53, ¶ 5; ECF No. 60, ¶ 6). In contrast, the Settlement provides substantial relief to Settlement Class Members without delay.

### d. The Extent of Discovery Completed and the Stage of the Proceedings

Final approval is favored because substantial investigation and discovery were completed prior to the Settlement. "A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016).

Class Counsel thoroughly analyzed the factual and legal issues involved in this case. (ECF No. 53, ¶ 8; ECF No. 59, ¶ 32; ECF No. 59-1). Although work remained, Class Counsel were well-informed about the strengths and weaknesses of Plaintiff's case at the time mediation was conducted and when the case was settled. (*Id.*) This factor favors final approval of the Settlement.

////

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 13

### e.  The Experience and Views of Counsel

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. at 543. Here, Class Counsel believes the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. (ECF No. 53, ¶¶ 9, 15; ECF No. 64, ¶ 6).

### f.  The Reaction of Settlement Class Members

A positive response to a settlement by the class further supports final approval. *See Pelletz*, 255 F.R.D. at 543. Here, the reaction to the Settlement has been overwhelmingly positive. None of the 8,516 Settlement Class Members who received Notice objected to the Settlement or any of its terms. (ECF No. 65, ¶¶ 11, 15; ECF No. 64, ¶ 3). In addition, none of the Settlement Class Members requested exclusion from the Settlement. (ECF No. 65, ¶ 14; ECF No. 64, ¶ 3).

The fact that none of the more than 8,516 Settlement Class Members who received direct notice neither objected nor requested exclusion indicates class-wide support for the Settlement and weighs in favor of approval.

////

////

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 14

### g.  The Presence of a Governmental Participant

No governmental entity is a party to this action. However, in compliance with the notice provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendants provided Notice of the Settlement and related materials as required by CAFA. (ECF No. 64, ¶ 5). "Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures."  *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010). As it appears that no governmental entity has objected to the Settlement, this factor favors approval. (*Id*.).

## C.    The Settlement Agreement Should Be Finally Approved.

In its December 27, 2021, Order, this Court conditionally certified this matter as a class action and preliminarily approved the Class Settlement. (ECF No. 54). For all the reasons set forth in Plaintiff's preliminary approval briefing, the supplemental briefing Plaintiff provided herein and in her Motions for an Award of Attorneys'

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 15

Fees, Costs, and Service Award, and Preliminary Approval, the Court should finally

approve the parties' Class Settlement.

**D.    Class Counsel's Requests for Fees, Costs, and Service Award Should Be Granted and P&N Should Proceed to Distribute the Settlement Fund in Accordance with the Settlement Agreement.**

Not a single Settlement Class Member specifically objected to Class

Counsel's request for reasonable attorneys' fees, costs, and service award to the

Class Representative. (ECF No. 65, ¶ 15; ECF No. 64, ¶ 3). Class Counsel spent

more than 330 hours litigating this case. (ECF No. 59, ¶ 31; ECF No. 59-1; ECF No.

60, ¶ 12). Class Counsel are requesting an award of $150,000 in combined costs and

fees, which is less than the Ninth Circuit's 25 percent benchmark of the common

fund. (ECF No. 59 at 28; ECF No. 58 at 13:14-14:5). As a lodestar cross-check,

Class Counsel is requesting their lodestar fees without a multiplier, which the Ninth

Circuit has set at a 4x benchmark. (ECF No. 58 at 16:15-16:10). Finally, Class

Representative Frank requests a $10,000 service award, which is reasonable and

appropriate given the effort she put forth in bringing this claim, the risk she incurred

in doing so, and because it is on par with Ninth Circuit service awards. (ECF No. 58

at 23:5-24:16).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 16

Accordingly, Class Counsel respectfully request the Court find their attorney fee request reasonable and award their uncontested $150,000 in combined attorneys' fees and costs, award $10,000 to Class Representative Roberta Frank, and direct P&N to distribute the Settlement Fund as set forth in the Settlement Agreement.

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (A) determining that adequate notice was provided to the Settlement Class; (B) determining the Settlement was fair, adequate, and reasonable; (C) finally approving the Settlement Class; (D) granting Class Counsel $150,000 in combined attorneys' fees and costs, approving a service award of $10,000 to Class Representative Roberta Frank, and directing P&N to distribute the Settlement Fund in accordance with the parties' Settlement Agreement.

RESPECTFULLY SUBMITTED this 5th day of April, 2021.


KIRK D. MILLER, P.S.                    CAMERON SUTHERLAND, PLLC

 s/ *Kirk D. Miller*                     s/ *Shayne J. Sutherland*
Kirk D. Miller, WSBA #40025             Shayne J. Sutherland, WSBA #44593
Attorney for Plaintiff and Class        Brian G. Cameron, WSBA #44905
                                        Attorneys for Plaintiff and Class




PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 17

## CM/ECF CERTIFICATE OF SERVICE

I certify that on April 5th, 2022, I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. Pursuant to their ECF Agreement, the Clerk will send notice of this filing to the following person(s) as follows:

John S. Devlin, III
devlinj@lanepowell.com                     Attorneys for Defendant Cannabis & Glass
                                           NXNW Retail & Tate Kapple

Taylor Washburn
washburnt@lanepowell.com                   Attorneys for Defendants Cannabis & Glass,
                                           NXNW Retail & Tate Kapple

Kirk D. Miller
kmiller@millerlawspokane.com    Attorney for Plaintiff and Class

Brian G. Cameron
bcameron@cameronsutherland.com    Attorney for Plaintiff and Class

Shayne J. Sutherland
ssutherland@cameronsutherland.com  Attorney for Plaintiff and Class

                                    s/ *Teri A. Brown*
                                    Teri A. Brown, Paralegal

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 18