FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERTA FRANK, an individual, and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CANNABIS & GLASS, LLC, a Washington limited liability company; NXNW Retail, LLC, a Washington limited liability company; and TATE KAPPLE and his marital community,<br><br>　　　　　　Defendants. | No. 2:19-CV-00250-SAB<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MOTION FOR ATTORNEY FEES** |

Before the Court are Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, and Service Award, ECF No. 58 and Unopposed Motion for Final Approval of Class Settlement, ECF No. 63. The motions were heard without oral argument.[1] Plaintiff is represented by Kirk D. Miller, Shayne Sutherland, and Brian G. Cameron. Defendants are represented by John S. Devlin and Taylor Washburn.

On December 27, 2021, the Court granted preliminary approval to the proposed Settlement between Plaintiff and Defendants Cannabis & Glass, LLC,

---

[1] Given that the motions are unopposed, and no objections have been filed, the Court has determined that oral argument is not necessary.

**ORDER RE: FINAL SETTLEMENT AND ATTORNEYS' FEES ~ 1**

NXNW Retail, LLC, and Tate Kapple ("Defendants"). The proposed Settlement resolves all of the Settlement Class's claims against Defendants in exchange for Defendants' agreement to provide certain monetary and non-monetary consideration to Settlement Class Members as set forth in the Settlement Agreement and Release (the "Agreement").  No objections to the proposed Agreement were received.

The Court has reviewed the proposed Agreement and has determined that it is fair, reasonable and adequate. In doing so, the Court makes the following findings:

1. **Definitions**. The definitions and provisions of the Agreement are incorporated in this Final Judgment as though fully set forth herein.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Plaintiff and all members of the Settlement Class. That Settlement Class is as certified in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"):

> All persons residing in the State of Washington who received one or more unsolicited commercial Text Messages transmitted by or on behalf of Defendants on or after June 22, 2015, and through the date this class is certified by the Court.

The Settlement Class does not include (1) Defendants, and their immediate families (as applicable); (2) officers, members, partners, managers, directors, and employees of Defendants, and their respective immediate families; (2) legal counsel for all parties in the Action, and their immediate families; (3) the presiding Judge in the Action, and any members of the Judge's staff and immediate family; and (4) all persons who validly request exclusion from the Settlement Class.

3. **Settlement Approval**. The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and

**ORDER RE: FINAL SETTLEMENT AND ATTORNEYS' FEES ~ 2**

adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. **Class Certification**. The Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as the Court found in the Preliminary Approval Order. Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5. **Exclusion from Settlement Class**. No members of the Settlement Class have timely and properly requested to be excluded from the Settlement Class and the Settlement.

6. **Appointment of Class Counsel and Plaintiff**. The Court confirms the appointment of Kirk D. Miller, P.S. and Cameron Sutherland, PLLC, as Class Counsel. The Court confirms the appointment of Roberta Frank as a representative of the Settlement Class.

7. **Objections**. No objections were filed in this matter.

8. **No Admission**. Neither this Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Agreement.

**ORDER RE: FINAL SETTLEMENT AND ATTORNEYS' FEES ~ 3**

9. **Dismissal with Prejudice**. The Court hereby dismisses with prejudice all claims of Settlement Class Members against Defendants within the scope of the Released Claims defined by the Settlement Agreement.

10. **Release**. Plaintiff, for herself and as representative of the Settlement Class, and on behalf of each Settlement Class Member and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

11. **Injunction Against Asserting Released Claims**. Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently enjoined from asserting, commencing, or prosecuting against the Released Parties in any action or proceeding in any court, tribunal, or other forum any of the Released Claims. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments.

12. **General Release Acknowledgement**. By operation of this Final Judgment, Plaintiff and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**ORDER RE: FINAL SETTLEMENT AND ATTORNEYS' FEES ~ 4**

13.     **Class Notice**. Postlethwaite & Netterville, APAC, ("P&N"), the Settlement Administrator approved by the Court, completed the delivery of Class Notice according to the terms of the Agreement. The Class Text Message Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Final Approval Hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, as no Settlement Class Members timely or properly excluded themselves, are bound by this Final Judgment.

14.     **Continuing Jurisdiction**. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the Settlement Vouchers, incentive award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

**ORDER RE: FINAL SETTLEMENT AND ATTORNEYS' FEES ~ 5**

15. **Service Award**. As a service payment in compensation for the time, effort, and risk she undertook as representative of the Settlement Class, the Court hereby awards $10,000 to Roberta Frank to be paid by the terms of Settlement Agreement.

16. **Class Counsel Fee and Cost Award**. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Settlement Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary and non-monetary consideration; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Plaintiff has reviewed the Agreement and has been informed of the Fee and Expense Application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee and Expense Application in time for Settlement Class Members to make a meaningful decision whether to object to it. For these reasons, the Court hereby approves Class Counsel's Fee and Expense Application and awards to Class Counsel fees and costs in the total amount of $150,000, to be paid in accordance with the Settlement Agreement. All such fees are in lieu of statutory or other fees that Plaintiff and/or the Settlement Class might otherwise have been entitled to recover.

17. **Payment of Settlement Administrator Costs and Disbursement of**

**Funds to Settlement Class Members Who Did Not Exclude Themselves**.

Defendants shall pay the Settlement Administrator all reasonable costs and fees incurred for all costs of notice and claims administration incurred for this Action, according to the Agreement. The Settlement Administrator shall also cause the distributions to Settlement Class Members as required by the Agreement.

18. **Payment Timing**. Class Counsel and the service award to Plaintiff shall be issued the distributions afforded to them in this Order, in accordance with and at the times prescribed by the Agreement.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, and Service Award, ECF No. 58, is **GRANTED**.

2. Plaintiff's Unopposed Motion for Final Approval of Class Settlement, ECF No. 63, is **GRANTED.**

3. The April 12, 2022 Final Settlement Hearing is **STRICKEN**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 11th day of April 2022.



Stanley A. Bastian
United States District Judge

**ORDER RE: FINAL SETTLEMENT AND ATTORNEYS' FEES ~ 7**